In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00073-CV
______________________________


SAMMY TAYLOR AND RETA TAYLOR, Appellants
 
V.
 
WOOD COUNTY, TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2002-230



                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Sammy Taylor and wife, Reta Taylor, appeal from a summary judgment dismissing
their cause of action against Wood County. The County filed a motion for summary
judgment based on sovereign immunity, no evidence, and its position that, under the law,
there was no material fact to be determined. We find summary judgment was properly
rendered on the basis that there is no evidence the County had any notice of the special
defect that caused the Taylors' injuries.
Theory of the Lawsuit
          The Taylors alleged they were driving on County Road 4990 shortly after a raging
rainstorm when they drove into a four- to six-foot-deep hole where a culvert had washed
out. The incident caused personal injuries to the Taylors and considerable damage to their
vehicle. The uncontroverted summary judgment evidence shows the County was unaware
of the problem and was first notified of the washout when informed of the Taylors' accident. 
An affidavit by a county worker who lived nearby and regularly traveled the road reflects
that, only two or three hours earlier, he had driven over the road without incident. 
          The particular section of road had two culverts beneath it. The southern culvert had
been replaced by the County approximately two months before the washout. The northern
culvert was examined, and no problems were found; thus, it was not disturbed. The
northern culvert was the one that washed out. 
Sovereign Immunity—Texas Tort Claims Act
          Because the common-law doctrine of sovereign immunity protects governmental
units from tort liability, unless a constitutional or legislative provision expressly states
otherwise, we first review the applicability of the Texas Tort Claims Act. See Dallas County
Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998). 
Waiving general immunity from tort liability, Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a)
(Vernon 1997), the Act provides that "[a] governmental unit in the state is liable for . . .
personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the claimant
according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1997).
          The County acknowledges that, under controlling caselaw, this type of defect
constitutes a special defect, which is an exception to sovereign immunity. Statutorily
defined as including "excavations or obstructions on highways, roads, or streets," Tex. Civ.
Prac. & Rem. Code Ann. § 101.022(b) (Vernon 1997), special defects have been viewed
generally by courts as conditions that present a threat to normal users of a road, Morse v.
State, 905 S.W.2d 470, 474 (Tex. App.—Beaumont 1995, writ denied). This is true even
if the defect is not actually on the road itself or if the defect was created by natural forces,
as opposed to an overt action by the governmental unit. Id. at 475–76 (citing County of
Harris v. Eaton, 573 S.W.2d 177, 179 (Tex. 1978)).
          In order for a condition to rise to the level of a special defect, however, it must not
only present a threat to the ordinary user of a roadway, but the danger must also be
unexpected and unusual. State Dep't of Highways & Pub. Transp. v. Kitchen, 867 S.W.2d
784, 786 (Tex. 1993). 
          The summary judgment evidence in this case conclusively establishes that the
December 16, 2001, washout of County Road 4990 was a special defect within the
meaning of the Act. See State v. Nichols, 609 S.W.2d 571, 573 (Tex. Civ. App.—Waco
1980, writ ref'd n.r.e.) (ruling three- to four-foot caved-in portion of highway was special
defect). A Wood County employee, John Noe, described the dangerous condition in
question as a washout extending entirely across the width of the roadway, estimating that
it was between six and eight feet long and four to six feet deep. See Morse, 905 S.W.2d
at 475 (in determining whether condition is special defect, consider size of condition). 
Unlike the expectation of potholes and ruts on an unpaved rural road, the gaping,
impassable hole left after the collapse of the culvert underlying County Road 4990 was
outside the ordinary course of events or long-standing and routine expectation. We hold,
therefore, that the washout of County Road 4990 was a special defect under Section
101.022(b).
Duty
          Where claims arise because of special defects, the governmental unit owes a
plaintiff the same duty as that owed to an invitee by the owner or possessor of private
premises. Tex. Civ. Prac. & Rem.Code Ann. § 101.022(b); State Dep't of Highways & Pub.
Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992). The duty owed to an invitee, and
thus the duty the County owed to the Taylors, requires an owner to use ordinary care to
protect an invitee from a dangerous condition of which the owner is, or reasonably should
be, aware. Payne, 838 S.W.2d at 237; State v. Wollesen, 93 S.W.3d 910, 914 (Tex.
App.—Austin 2002, no pet.).
          Where a plaintiff is an invitee, the plaintiff must prove: (1) actual or constructive
knowledge of a condition on the premises by the owner or occupier; (2) that the condition
posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise
reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure
to use such care proximately caused the plaintiff's injury. CMH Homes, Inc. v. Daenen, 15
S.W.3d 97, 99–100 (Tex. 2000). 
Review of Summary Judgment Under Texas Tort Claims Act
          On appellate review of a summary judgment, the movant bears the burden of
demonstrating there is no genuine issue of material fact and it is entitled to judgment as
a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). In our
determination of whether a material fact issue exists, evidence favorable to the nonmovant
will be taken as true, every reasonable inference indulged, and any doubt resolved, in favor
of the nonmovant. Id. at 548–49. Summary judgment for a defendant is appropriate where
the defendant disproves at least one essential element of the plaintiff's cause of action or
conclusively establishes each element of an affirmative defense. Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997). If the movant establishes its right to summary
judgment, the burden then shifts to the nonmovant to present any evidence that would
otherwise preclude summary judgment. City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979).
For Purposes of Summary Judgment
          All the Taylors' arguments center around their suggestion Wood County had notice
of the defect because the defect was aggravated or caused by the repairs done by the
County to the other culvert two months earlier.
          The Taylors' contention involves a special defect. Under a no-evidence summary
judgment review, the initial question is whether there is some evidence to support each
element of the cause of action. The County focuses on the "notice" aspect of the cause
of action. The County provided evidence that its employee had traversed the area only two
hours previously and no problem had existed, and that it only first became aware of the
dangerous condition when informed of the accident. There is no evidence to the contrary. 
That is sufficient, standing alone, to support the trial court's ruling.
          The Taylors, however, take the position that, because the County had replaced one
culvert earlier, a fact-finder could infer the County had knowledge that the other culvert was
in some way defective, or alternatively, that the repair job was done so poorly as to itself
be a cause of the washout. There is no summary judgment evidence to support this
contention. In their response to the motion for summary judgment, the Taylors rely solely
on the affidavits provided by the County employees and the condition of the road as
admitted to exist by the County, and the fact that a road that had remained intact and
functional for twenty years developed the damage only two months after the other culvert
was repaired. The affidavits do not support the Taylors' position. The affidavits show that
repairs were done and that the County had replaced one culvert while leaving the other in
place. There is nothing to suggest the repairs were done negligently or that other,
additional types of supporting structures were needed but not used. There is also nothing
to support the Taylors' suggestion the County had in some way otherwise negligently
maintained the road. The mere fact of proximity in time of the repair to the collapse,
especially where the suggested negligence was not even as to the culvert which collapsed,
but to the other, nearby culvert, is insufficient, without more, to raise an issue of fact.
          Further, if there is an allegation of injury by some negligent activity, even in a non-tort claims situation, that action is available only when a victim is injured as a
contemporaneous result of the activity, rather than by a condition created by the activity. 
See Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992).
          The Taylors also suggested rising waters were enough, standing alone, to invoke
a duty to warn. However, there is no evidence to show that water was over the roadway
at the time of the accident. 
Conclusion
          The County prevails on both types of summary judgment. The summary judgment
evidence conclusively shows the County had no notice of any defective condition before
the time of the accident. There is also no evidence to the contrary. Accordingly, the trial
court did not err by rendering summary judgment in favor of the County.
          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      March 31, 2004
Date Decided:         April 7, 2004