Jack PIERCE, Appellant,

v.

John T. (Jake) HOLIDAY, Appellee.

No. 06–03–00153–CV.

Court of Appeals of Texas,
Texarkana.

Submitted June 9, 2004.

Decided Jan. 25, 2005.

Robert D. Bennett, Robert D. Bennett & Associates, PC, Gilmer, for appellant.

Reid Wm. Martin, Sammons & Parker, PC, Tyler, for appellee.

Before ROSS, CARTER, and GRANT,* JJ.

## OPINION

Opinion by Justice GRANT (Retired).

Jack Pierce sued John T. (Jake) Holiday for injuries Pierce allegedly sustained while cutting hay on Holiday's farm. The trial court granted Holiday's Motion for Partial Summary Judgment and later granted Holiday's full summary judgment motion. Pierce appeals the trial court's granting of summary judgment.

Pierce contends on appeal the trial court erred in granting summary judgment because he was not, as Holiday had claimed, a dual capacity employee. (Holiday had argued before the trial court that Pierce's status as a dual capacity employee made him ineligible for worker's compensation benefits under the Texas Workers' Compensation Act.) Pierce further contends on appeal that a question of fact remains as to whether Holiday was negligent, and thus the trial court erred by granting summary judgment.

Before we address the trial court's granting of summary judgment, we must address two other issues raised by the parties' briefs on appeal. The parties have misconstrued this case as one involving workers' compensation and the theory of a dual capacity employee. This case concerns neither issue. Pierce did not seek worker's compensation benefits under the Texas Workers' Compensation Act, TEX. LAB.CODE ANN. § 406.091(a)(3) (Vernon 1996), nor did he seek recovery through the Workers' Compensation Board; and Pierce's original petition (and each amended petition thereafter) clearly sought damages for injuries in negligence.

The dual capacity issue's only relevance might go to whether certain defenses could be raised.

As to whether Holiday was a nonsubscriber, the pleading and burden of proof in establishing whether an employer has subscribed to workers' compensation insurance is on the employer. An employer who carries workers' compensation insurance may assert, as an affirmative defense, the fact that an employee's work-related injuries are solely compensable under the Act. See, e.g., Montemayor v. Chapa, 61 S.W.3d 758 (Tex.App.-Corpus Christi 2001, no pet.) (affirming an award of summary judgment for temporary employment agency under "borrowed servant" doctrine because the plaintiff had obtained workers' compensation benefits from the employer for which the plaintiff worked at the time of the accident). Because an employer's status as a subscriber to workers' compensation is an affirmative defense, the duty is on the employer/defendant—not the employee/plaintiff—to plead and prove such facts. TEX.R. CIV. P. 94. The wisdom behind this pleading rule is that the employer/defendant is in the best

* Ben Z. Grant, Justice, Retired, Sitting by As-   signment.

position to know such a fact and is best able to marshal the necessary evidence in support thereof. Furthermore, the record in this case shows Pierce did offer evidence Holiday was a nonsubscriber. In his deposition, Pierce stated Holiday had admitted he did not carry insurance.

We now turn to the real issue on appeal: whether the trial court erred by granting Holiday's motion for summary judgment. There are two types of summary judgment: traditional and no-evidence. Tex.R. Civ. P. 166a(c), (i). Holiday sought summary judgment on both grounds. The trial court's order did not explain why it granted summary judgment, nor did it specify whether it granted a traditional or a no-evidence summary judgment. Therefore, we will analyze each type of summary judgment to determine if the trial court was correct under either theory. *See Alaniz v. Hoyt*, 105 S.W.3d 330, 344 (Tex. App.-Corpus Christi 2003, no pet.); *McKillip v. Employers Fire Ins. Co.*, 932 S.W.2d 268, 270 (Tex.App.-Texarkana 1996, no writ).

### A. Traditional Summary Judgment

■ In a traditional motion for summary judgment, "the moving party must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Youngblood v. U.S. Silica Co.*, 130 S.W.3d 461, 464 (Tex. App.-Texarkana 2004, pet. filed). "Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense." *McGowen v. Huang*, 120 S.W.3d 452, 457 (Tex.App.-Texarkana 2003, pet. denied). On appeal, we must review the trial court's judgment by examining the evidence in the light most favorable to the nonmovant, disregarding any contrary evidence or inferences. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Pierce's original petition claimed Holiday was liable for damages under six different theories of negligence: (a) Holiday failed to properly train Pierce to use the farm equipment; (b) Holiday failed to provide proper equipment; (c) Holiday failed to keep his premises in such condition as to provide a safe working environment; (d) Holiday failed to warn Pierce of a dangerous condition on the premises; and, alternatively, (e) Holiday failed to inspect the premises, and (f) Holiday failed to warn Pierce, as an invitee, of a dangerous condition. We collectively discuss Pierce's final four causes of action as premises liability claims.

■ Holiday's motion for traditional summary judgment contended the evidence conclusively disproved an element of Pierce's premises liability claims. The motion did not, however, attack Pierce's claim for receiving inadequate training or his claim that he was provided inadequate equipment. Thus, to the extent Holiday did not attack all of Pierce's causes of action, the trial court should not have granted summary judgment as to all of Pierce's claims.

■ We now turn to Holiday's motion for summary judgment regarding Pierce's premises liability claims. An invitee must prove a premises liability claim by showing (1) that the defendant had actual or constructive knowledge of some condition on the premises, (2) that the condition posed an unreasonable risk of harm, (3) that the defendant failed to exercise reasonable care to eliminate or reduce the risk of that harm, and (4) that the defendant's failure to use such care proximately caused the invitee's injury. *Brookshire Grocery Co. v. Taylor*, 102 S.W.3d 816, 820 (Tex.App.-Texarkana 2003, pet. filed). According to

Holiday, the testimony of Darwin Gunby and Dwayne Brown[1] conclusively show that Holiday had no actual or constructive knowledge whether there were any "holes or washouts" in the field.

Gunby, however, testified he could not remember whether he had bailed any hay during the season when Pierce was allegedly injured. Nor did he specifically testify—and his testimony does not otherwise suggest—he had specific knowledge that no holes or washouts existed in the field on the date of Pierce's alleged injury. Instead, Gunby testified he did not remember coming across any large hole on Holiday's property, but no time frame was attached to this claim. And Gunby conceded that Holiday owned equipment which he could have used to fill in any hole that might have existed. Further, Gunby's testimony reflects only his personal knowledge; his testimony says nothing of what Holiday did or did not know regarding the field's condition before Pierce's alleged injury.

Brown also testified he had not ever had any problems with washouts in the field and had never noticed any holes in the field. But he acknowledged that if there had been a big hole on the property somewhere, Holiday had the capability of filling in the hole. Brown did not specifically state whether Holiday had actual or constructive notice of any dangerous condition in the field on the date of Pierce's alleged injury.

Viewing the evidence in the light most favorable to Pierce, we cannot say the evidence before the trial court conclusively disproved the foreknowledge element of Pierce's premises liability claims. Further, Holiday's motion for traditional summary judgment did not address Pierce's other causes of action regarding inadequate training and equipment (claims a and b). *See McGowen,* 120 S.W.3d at 457

(summary judgment is proper only if the defendant conclusively disproves an element of *each* of the plaintiff's causes of action). Accordingly, the trial court should not have granted a full and final summary judgment in Holiday's favor based on his motion for traditional summary judgment.

## B. No–Evidence Summary Judgment

■■■ "A no-evidence motion for summary judgment asserts that there is no evidence of one or more essential elements of a claim on which the adverse party will bear the burden of proof at trial." *Alaniz,* 105 S.W.3d at 344 (citing Tex.R. Civ. P. 166a(i); *Scripps Tex. Newspapers, L.P. v. Belalcazar,* 99 S.W.3d 829, 840 (Tex.App.-Corpus Christi 2003, pet. denied)). In reviewing a no-evidence summary judgment, "the initial question is whether there is some evidence to support each element of the cause of action." *Taylor v. Wood County,* 133 S.W.3d 811, 815 (Tex.App.-Texarkana 2004, no pet.).

■■ In his deposition, Pierce testified that he did not know whether Holiday had any foreknowledge of any holes or washouts in the field. He also admitted that the hole in question might have been difficult to see because the hay had grown so tall. A reasonable conclusion from this testimony might be that even if Holiday had tried to find a hole in the field, the hay might have obscured the hole from view. Pierce testified a recent rain might have caused the washout. Brown admitted in his testimony he knew there were often gopher holes in the field. However, there was no summary judgment proof support that Holiday knew or should have known of the hole Pierce was alleged to have hit. There also was no showing that Holiday drove the tractor into a gopher hole, and

1. Gunby and Brown are Holiday's grandsons.

there was no showing that Holiday knew of any gopher holes. Pierce's testimony suggests the hole may have been caused by a recent rain, but this testimony does not impute any knowledge of the hole's existence to Holiday and does not raise any evidence that Holiday should have known of its existence. Therefore, because the summary judgment proof does not raise some evidentiary support for this necessary element of the plaintiff's premises liability cause of action, the trial court's granting of the no-evidence summary judgment on the premises liability portion of this case should be upheld.

▇▇▇ Holiday's motion for no-evidence summary judgment, however, contended only that there was no evidence about the element of Holiday's foreknowledge of the alleged dangerous condition that caused Pierce's injury. Pierce's no-evidence motion for summary judgment did not attack Pierce's causes of action regarding inadequate training and equipment. Thus, the trial court should not have granted a no-evidence summary judgment in favor of Holiday on all of Pierce's claims when Holiday's no-evidence motion for summary judgment did not attack all of Pierce's causes of action.

For the foregoing reasons, we affirm the trial court's granting of no-evidence summary judgment on the premises liability theory, and we reverse and remand the case for further proceedings on the other alleged liability theories.