In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00153-CV
______________________________


JACK PIERCE, Appellant
 
V.
 
JOHN T. (JAKE) HOLIDAY, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 338-99


                                                 



Before Ross, Carter, and Grant,* JJ.
Opinion by Justice Grant
*Ben Z. Grant, Justice, Retired, Sitting by Assignment


O P I N I O N

          Jack Pierce sued John T. (Jake) Holiday for injuries Pierce allegedly sustained while
cutting hay on Holiday's farm. The trial court granted Holiday's Motion for Partial Summary
Judgment and later granted Holiday's full summary judgment motion. Pierce appeals the
trial court's granting of summary judgment. 
          Pierce contends on appeal the trial court erred in granting summary judgment
because he was not, as Holiday had claimed, a dual capacity employee. (Holiday had
argued before the trial court that Pierce's status as a dual capacity employee made him
ineligible for worker's compensation benefits under the Texas Workers' Compensation
Act.) Pierce further contends on appeal that a question of fact remains as to whether
Holiday was negligent, and thus the trial court erred by granting summary judgment. 
          Before we address the trial court's granting of summary judgment, we must address
two other issues raised by the parties' briefs on appeal. The parties have misconstrued
this case as one involving workers' compensation and the theory of a dual capacity
employee. This case concerns neither issue. Pierce did not seek worker's compensation
benefits under the Texas Workers' Compensation Act, Tex. Lab. Code Ann.
§ 406.091(a)(3) (Vernon 1996), nor did he seek recovery through the Workers'
Compensation Board; and Pierce's original petition (and each amended petition thereafter)
clearly sought damages for injuries in negligence. 
          The dual capacity issue's only relevance might go to whether certain defenses could
be raised. 
          As to whether Holiday was a nonsubscriber, the pleading and burden of proof in
establishing whether an employer has subscribed to workers' compensation insurance is
on the employer. An employer who carries workers' compensation insurance may assert,
as an affirmative defense, the fact that an employee's work-related injuries are solely
compensable under the Act. See, e.g., Montemayor v. Chapa, 61 S.W.3d 758 (Tex.
App.—Corpus Christi 2001, no pet.) (affirming an award of summary judgment for
temporary employment agency under "borrowed servant" doctrine because the plaintiff had
obtained workers' compensation benefits from the employer for which the plaintiff worked
at the time of the accident). Because an employer's status as a subscriber to workers'
compensation is an affirmative defense, the duty is on the employer/defendant—not the
employee/plaintiff—to plead and prove such facts. Tex. R. Civ. P. 94. The wisdom behind
this pleading rule is that the employer/defendant is in the best position to know such a fact
and is best able to marshal the necessary evidence in support thereof. Furthermore, the
record in this case shows Pierce did offer evidence Holiday was a nonsubscriber. In his
deposition, Pierce stated Holiday had admitted he did not carry insurance. 
          We now turn to the real issue on appeal: whether the trial court erred by granting
Holiday's motion for summary judgment. There are two types of summary judgment: 
traditional and no-evidence. Tex. R. Civ. P. 166a(c), (i). Holiday sought summary
judgment on both grounds. The trial court's order did not explain why it granted summary
judgment, nor did it specify whether it granted a traditional or a no-evidence summary
judgment. Therefore, we will analyze each type of summary judgment to determine if the
trial court was correct under either theory. See Alaniz v. Hoyt, 105 S.W.3d 330, 344 (Tex.
App.—Corpus Christi 2003, no pet.); McKillip v. Employers Fire Ins. Co., 932 S.W.2d 268,
270 (Tex. App.—Texarkana 1996, no writ).
A. Traditional Summary Judgment
          In a traditional motion for summary judgment, "the moving party must establish that
no genuine issue of material fact exists and that it is entitled to judgment as a matter of
law." Youngblood v. U.S. Silica Co., 130 S.W.3d 461, 464 (Tex. App.—Texarkana 2004,
pet. filed). "Summary judgment for a defendant is proper when the defendant negates at
least one element of each of the plaintiff's theories of recovery or pleads and conclusively
establishes each element of an affirmative defense." McGowen v. Huang, 120 S.W.3d
452, 457 (Tex. App.—Texarkana 2003, pet. denied). On appeal, we must review the trial
court's judgment by examining the evidence in the light most favorable to the nonmovant,
disregarding any contrary evidence or inferences. Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548–49 (Tex. 1985).
          Pierce's original petition claimed Holiday was liable for damages under six different
theories of negligence: (a) Holiday failed to properly train Pierce to use the farm
equipment; (b) Holiday failed to provide proper equipment; (c) Holiday failed to keep his
premises in such condition as to provide a safe working environment; (d) Holiday failed to
warn Pierce of a dangerous condition on the premises; and, alternatively, (e) Holiday failed
to inspect the premises, and (f) Holiday failed to warn Pierce, as an invitee, of a dangerous
condition. We collectively discuss Pierce's final four causes of action as premises liability
claims.
          Holiday's motion for traditional summary judgment contended the evidence
conclusively disproved an element of Pierce's premises liability claims. The motion did not,
however, attack Pierce's claim for receiving inadequate training or his claim that he was
provided inadequate equipment. Thus, to the extent Holiday did not attack all of Pierce's
causes of action, the trial court should not have granted summary judgment as to all of
Pierce's claims.
          We now turn to Holiday's motion for summary judgment regarding Pierce's premises
liability claims. An invitee must prove a premises liability claim by showing (1) that the
defendant had actual or constructive knowledge of some condition on the premises,
(2) that the condition posed an unreasonable risk of harm, (3) that the defendant failed to
exercise reasonable care to eliminate or reduce the risk of that harm, and (4) that the
defendant's failure to use such care proximately caused the invitee's injury. Brookshire
Grocery Co. v. Taylor, 102 S.W.3d 816, 820 (Tex. App.—Texarkana 2003, pet. filed). 
According to Holiday, the testimony of Darwin Gunby and Dwayne Brown


 conclusively
show that Holiday had no actual or constructive knowledge whether there were any "holes
or washouts" in the field. 
          Gunby, however, testified he could not remember whether he had bailed any hay
during the season when Pierce was allegedly injured. Nor did he specifically testify—and
his testimony does not otherwise suggest—he had specific knowledge that no holes or
washouts existed in the field on the date of Pierce's alleged injury. Instead, Gunby testified
he did not remember coming across any large hole on Holiday's property, but no time
frame was attached to this claim. And Gunby conceded that Holiday owned equipment
which he could have used to fill in any hole that might have existed. Further, Gunby's
testimony reflects only his personal knowledge; his testimony says nothing of what Holiday
did or did not know regarding the field's condition before Pierce's alleged injury.
          Brown also testified he had not ever had any problems with washouts in the field
and had never noticed any holes in the field. But he acknowledged that if there had been
a big hole on the property somewhere, Holiday had the capability of filling in the hole. 
Brown did not specifically state whether Holiday had actual or constructive notice of any
dangerous condition in the field on the date of Pierce's alleged injury.
          Viewing the evidence in the light most favorable to Pierce, we cannot say the
evidence before the trial court conclusively disproved the foreknowledge element of
Pierce's premises liability claims. Further, Holiday's motion for traditional summary
judgment did not address Pierce's other causes of action regarding inadequate training and
equipment (claims a and b). See McGowen, 120 S.W.3d at 457 (summary judgment is
proper only if the defendant conclusively disproves an element of each of the plaintiff's
causes of action). Accordingly, the trial court should not have granted a full and final
summary judgment in Holiday's favor based on his motion for traditional summary
judgment.
B. No-Evidence Summary Judgment
          "A no-evidence motion for summary judgment asserts that there is no evidence of
one or more essential elements of a claim on which the adverse party will bear the burden
of proof at trial." Alaniz, 105 S.W.3d at 344 (citing Tex. R. Civ. P. 166a(i); Scripps Tex.
Newspapers, L.P. v. Belalcazar, 99 S.W.3d 829, 840 (Tex. App.—Corpus Christi 2003, pet.
denied)). In reviewing a no-evidence summary judgment, "the initial question is whether
there is some evidence to support each element of the cause of action." Taylor v. Wood
County, 133 S.W.3d 811, 815 (Tex. App.—Texarkana 2004, no pet.). 
          In his deposition, Pierce testified that he did not know whether Holiday had any
foreknowledge of any holes or washouts in the field. He also admitted that the hole in
question might have been difficult to see because the hay had grown so tall. A reasonable
conclusion from this testimony might be that even if Holiday had tried to find a hole in the
field, the hay might have obscured the hole from view. Pierce testified a recent rain might
have caused the washout. Brown admitted in his testimony he knew there were often
gopher holes in the field. However, there was no summary judgment proof support that
Holiday knew or should have known of the hole Pierce was alleged to have hit. There also
was no showing that Holiday drove the tractor into a gopher hole, and there was no
showing that Holiday knew of any gopher holes. Pierce's testimony suggests the hole may
have been caused by a recent rain, but this testimony does not impute any knowledge of
the hole's existence to Holiday and does not raise any evidence that Holiday should have
known of its existence. Therefore, because the summary judgment proof does not raise
some evidentiary support for this necessary element of the plaintiff's premises liability
cause of action, the trial court's granting of the no-evidence summary judgment on the
premises liability portion of this case should be upheld. 
          Holiday's motion for no-evidence summary judgment, however, contended only that
there was no evidence about the element of Holiday's foreknowledge of the alleged
dangerous condition that caused Pierce's injury. Pierce's no-evidence motion for summary
judgment did not attack Pierce's causes of action regarding inadequate training and
equipment. Thus, the trial court should not have granted a no-evidence summary
judgment in favor of Holiday on all of Pierce's claims when Holiday's no-evidence motion
for summary judgment did not attack all of Pierce's causes of action.
 

          For the foregoing reasons, we affirm the trial court's granting of no-evidence
summary judgment on the premises liability theory, and we reverse and remand the case
for further proceedings on the other alleged liability theories.
 
                                                                           Ben Z. Grant*
                                                                           Justice

*Justice, Retired, Sitting by Assignment

Date Submitted:      June 9, 2004
Date Decided:         January 25, 2005