Opinion filed November 10, 2005

















 
 
  
 
 







 
 
  
 
 




Opinion filed November 10, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00191-CV 

 

                                                    __________

 

                                  FERNANDO MORALES, Appellant

 

                                                             V.

 

      MARTIN
RESOURCES, INC., MARTIN OPERATING PARTNERSHIP,

               L.P.,
AND SELECT PROFESSIONAL STAFFING, Appellees

 



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector County, Texas

 

                                                Trial
Court Cause No. C-114,788

 



 

                                                                   O
P I N I O N

 








Fernando Morales was an employee of Select
Professional Staffing.  Select Professional
Staffing placed Morales as a temporary employee with Martin Resources,
Inc.  Morales injured his left hand while
working on a machine at Martin Resources, Inc.=s
facility located in Odessa,
 Texas. Morales brought this
action alleging negligence claims against Select Professional Staffing, Martin
Resources, Inc., and Martin Operating Partnership, L.P.[1]  The Martin entities will be referred to
collectively as Martin Resources, Inc. 
The trial court granted summary judgment to Select Professional Staffing
and Martin Resources, Inc., finding that the exclusive remedy provision of the
Texas Workers=
Compensation Act (TWCA) barred Morales=s
common law claims against them.  See
TEX. LAB. CODE ANN. '
408.001(a) (Vernon
Supp. 2005).  Because neither Select
Professional Staffing nor Martin Resources, Inc. established that they were
covered by workers=
compensation insurance, which is necessary to come within the exclusive remedy provision,
we reverse the trial court=s
judgment and remand the case to the trial court for further proceedings.

                                                                  Issues
Presented

In two points of error, Morales argues that the
trial court erred in granting summary judgment to Select Professional Staffing
and Martin Resources, Inc.  The parties
agree that Morales was employed by Select Professional Staffing and Martin
Resources, Inc. at the time of the injury. 
The parties also agree that the Texas Staff Leasing Services Act, TEX.
LAB. CODE ANN. ' 91.001 et
seq. (Vernon
1996 & Pamph. Supp. 2005), does not apply in this case.  The issue in this appeal is whether Select
Professional Staffing and Martin Resources, Inc. established that they were
covered by workers=
compensation insurance at the time of Morales=s
injury.

                                                   The
Motions for Summary Judgment

Select Professional Staffing and Martin Resources,
Inc. both filed traditional motions for summary judgment asserting that the
exclusive remedy provision of the TWCA barred Morales=s
claims.  Select Professional Staffing
asserted that Morales had a third employer, AMS Staff Leasing N.A., Inc. at the
time of the injury and that AMS Staff Leasing had workers= compensation insurance covering all of
the employees that it had leased to Select Professional Staffing, including
Morales. Select Professional Staffing argued that it had workers= compensation insurance because it was
covered by AMS Staff Leasing=s
policy.  Martin Resources, Inc. argued
that it had workers=
compensation insurance at the time of the injury.

 

 








Standard of Review

We will apply the well-recognized standard of
review for traditional summary judgments. 
We must consider the summary judgment evidence in the light most
favorable to the nonmovant, indulging all reasonable inferences in favor of the
nonmovant, and determine whether the movant proved that there were no genuine
issues of material fact and that it was entitled to judgment as a matter of
law.  Nixon v. Mr. Property Management
Company, Inc., 690 S.W.2d 546 (Tex.1985); City of Houston
v. Clear Creek Basin
Authority, 589 S.W.2d 671 (Tex.1979). 
A defendant is entitled to summary judgment if it either disproves an
element of each of the plaintiff=s
causes of action or establishes an affirmative defense on each of the plaintiff=s causes of action as a matter of
law.  American Tobacco Company, Inc.
v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997); Science Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex.1997).

The Exclusive Remedy Provision

The exclusive remedy provision is found in Section
408.001(a) of the TWCA.  Section
408.001(a) provides as follows:

Recovery of workers=
compensation benefits is the exclusive remedy of an employee covered by workers= compensation insurance
coverage...against the employer...for...a work-related injury sustained by the
employee.

 

An employee is covered by Aworkers= compensation insurance coverage@ if his employer possesses an approved
insurance policy covering the payment of workers=
compensation benefits to its employees. 
TEX. LAB. CODE ANN. '
401.011(44)(A) (Vernon
Pamph. Supp. 2005); Western Steel Company, Inc. v. Altenburg, 169 S.W.3d
347, 349 (Tex.App. - Corpus Christi 2005, pet=n
pending).

The exclusive remedy provision of the TWCA is an
affirmative defense. Western Steel Company, Inc. v. Altenburg, supra at
349; Pierce v. Holiday, 155 S.W.3d 676, 678 (Tex.App. - Texarkana 2005,
no pet=n).  Thus, in the summary judgment context, Select
Professional Staffing and Martin Resources, Inc. had the summary judgment
burden of proving their exclusive remedy affirmative defense as a matter of
law.  American Tobacco Company, Inc.
v. Grinnell, supra at 425; Science Spectrum, Inc. v. Martinez,
supra at 911.








The Texas Supreme Court has recognized that
temporary employees, such as Morales, may have more than one employer for the
purposes of the TWCA and its exclusive remedy provision.  Garza v. Excel Logistics, Inc., 161
S.W.3d 473, 475 (Tex.2005);  Wingfoot
Enterprises v. Alvarado, 111 S.W.3d 134, 144 (Tex.2003).  In Garza, the Texas Supreme Court explained
as follows:  

In
Wingfoot, we examined the Workers=
Compensation Act and held that an employee of a temporary employment agency who
is Ainjured while working under the direct
supervision of a client company is conducting the business of both the general
employer [the temporary employment agency] and that employer=s client.@  We further held, based on the provisions of
the Act, that the injured Aemployee
should be able to pursue workers=
compensation benefits from either,@
and that A[i]f either
has elected not to provide coverage, but still qualifies as an >employer=
under the Act, then that employer should be subject to common law liability
without the benefit of the defenses enumerated in [TEX. LAB. CODE ANN. ' 406.033 (Vernon Pamph. Supp. 2005)].@ 

 

Garza v. Excel Logistics, Inc., supra at 475.  In this case, the parties agree that Morales
was an employee of Select Professional Staffing and Martin Resources, Inc. for
the purposes of the TWCA. 

The exclusive remedy provision applies to employers
Acovered by workers= compensation insurance.@ 
Garza v. Excel Logistics, Inc., supra at 474.  In Garza, a temporary employment
agency placed an employee with a client company.  The Texas Supreme Court reversed a summary
judgment in favor of the client company because the company had failed to
establish that it was covered by workers=
compensation insurance coverage.  The
court explained that a temporary employment agency cannot obtain workers= compensation insurance for a client
simply by obtaining coverage for itself. 
The court held that Atwo
employers cannot agree that one workers=
compensation policy will name only one employer but cover both.@ 
Garza v. Excel Logistics, Inc., supra at 479.  Rather, there must be explicit coverage for
both employers.  Garza v. Excel
Logistics, Inc., supra at 478.








Select Professional Staffing presented an
affidavit of Andrew Thomas Price, the risk manager for AMS Staff Leasing, in
support of its motion for summary judgment. 
Price stated, among other things, (1) that Morales was employed by AMS
Staff Leasing; (2) that AMS Staff Leasing had leased Morales to Select
Professional Staffing; and (3) that, on the date of Morales=s injury, AMS Staff Leasing had workers= compensation insurance coverage for
all employees that it had leased to Select Professional Staffing.  Select Professional Staffing also presented
the information page for AMS Staff Leasing=s
workers=
compensation policy.  The page listed AAMS Construction Company, Inc. dba AMS
Staff Leasing@ as the
named insured.  There was no summary
judgment evidence that Select Professional Staffing was named as an insured
under AMS Staff Leasing=s
workers=
compensation policy or under any other workers=
compensation insurance policy.    

Select Professional Staffing relies on AMS Staff
Leasing=s workers= compensation insurance policy in
support of its exclusive remedy provision argument.  However, under Garza, Select
Professional Staffing had the burden of showing Aexplicit
coverage@ for
itself.  Garza v. Excel Logistics, Inc.,
supra.  Select Professional
Staffing did not present any summary judgment evidence showing that it was
named as an insured under any workers=
compensation insurance policy; therefore, Select Professional Staffing failed
to meet its burden of showing Aexplicit
coverage@ for
itself.  The trial court erred in
granting summary judgment to Select Professional Staffing.

Martin Resources, Inc. presented an affidavit of
Steven G. Fenner, an underwriting specialist with American International Group
(AIG), in support of its motion for summary judgment.  Fenner stated that, A[d]uring
February 2001, Martin Resources, Inc. and its facility in Odessa, Texas,
had workers compensation insurance with AIG.@  Martin Resources, Inc. also presented an
affidavit of Dale Langston, a plant manager for Martin Resources, Inc.  Langston stated that Martin Resources, Inc.
carried workers=
compensation insurance at the time of Morales=s
injury.








Martin Resources, Inc. also submitted a workers= compensation insurance policy as
summary judgment evidence.  The policy
named AMartin
Resource Management Corporation@
as the insured and had a policy period from November 30, 2000, to November 30,
2001.  A AMartin
Resources, Inc.,@ located
in Kilgore, Texas, was listed in an endorsement to the
policy.  A AMartin
Resource Management Corporation,@
located in Odessa, Texas, was also listed in an endorsement to
the policy.  However, a AMartin Resources, Inc.,@ located in Odessa, Texas,
was not listed as an insured in the policy or in any endorsement to the
policy.  Martin Resources, Inc. did not
present any summary judgment evidence showing (1) the relationship, if any,
between Martin Resources, Inc. in Kilgore and Martin Resources, Inc. in Odessa or (2) the relationship, if any, between Martin
Resource Management Corporation and Martin Resources, Inc. in Odessa. 
In the absence of any evidence explaining the relationship, if any,
among these entities, the insurance policy presented by Martin Resources, Inc.
created a fact issue as to whether Martin Resources, Inc. had workers= compensation insurance covering its Odessa facility.  Therefore, Martin Resources, Inc. failed to
meet its summary judgment burden of establishing that it was covered by workers= compensation insurance coverage at the
time of Morales=s
injury.  The trial court erred in
granting summary judgment to Martin Resources, Inc.

Morales=s
points of error are sustained.

                                                                This
Court=s Ruling

We reverse the trial court=s
judgment and remand this cause to the trial court for further proceedings
consistent with this opinion.   

 

TERRY McCALL

JUSTICE

 

November 10, 2005

Panel
consists of: Wright, C.J., and

McCall,
J., and McCloud, S.J.[2]











    
[1]Martin Resources, Inc. apparently merged into Martin
Operating Partnership, L.P. after the date of Morales=s injury.





    
[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.