SALLY DOWNS V. TRIAD-DENTON HOSPITAL, L.P. D/B/A DENTON COMMUNITY HOSPITAL

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-303-CV

SALLY DOWNS APPELLANT

V.

TRIAD-DENTON HOSPITAL, L.P. APPELLEE

D/B/A DENTON COMMUNITY HOSPITAL

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

This is an appeal of the granting of a summary judgment in favor of Triad-Denton Hospital, L.P. d/b/a Denton Community Hospital (the Hospital).  Sally Downs sued the Hospital for injuries she sustained while working there as a nurse.  The Hospital moved for summary judgment, and the trial court granted the motion.  We reverse and remand.  

II. Procedural and Factual Background 

Downs is a licensed vocational nurse, who, at the time of the incident, was employed by Advantage Nursing Services, Inc. (Advantage).  Advantage contracted with the Hospital to supply nurses to the Hospital on a temporary basis, including Downs.  On November 18, 2001, while walking by a nursing station at the Hospital, she slipped and fell in a puddle of water on the floor.  The Hospital maintenance staff had recently mopped the floor but had not posted any warning signs.  Downs sustained injuries from the fall, resulting in this lawsuit. 

As Downs’s employer, Advantage provided workers’ compensation insurance for her.  Downs made a claim for workers’ compensation under Advantage’s policy and received benefits from the policy.  Downs later sued the Hospital, seeking relief for the injuries that she sustained at the Hospital.  The Hospital moved for summary judgment, arguing that because Downs was a borrowed servant under the Texas Workers’ Compensation Act, she was barred from suing the Hospital.  The trial court granted the Hospital’s motion for summary judgment.  This appeal followed. 

III. Affirmative Defense 

Downs’s motion for summary judgment asserted the statutory exclusive remedy provision under Texas Workers’ Compensation Act section 408.001.  
See
 
Tex. Lab. Code Ann
. § 408.001 (Vernon 2006).  In relevant part, section 408.001 provides that “[r]ecovery of workers’ compensation benefits is the exclusive remedy of an employee covered by workers’ compensation insurance coverage.”  
Id
.  
The exclusive remedy provision of the Texas Workers’ Compensation Act is an affirmative defense.  
See Pierce v. Holiday, 
155
 
S.W.3d 676, 678 (Tex. App.—Texarkana 2005, no pet.).  

An affirmative defense must be specially pleaded.  
Tex. R. Civ. P
. 94; 
see Roark v. Stallworth Oil & Gas, Inc
., 813 S.W.2d 492, 494 (Tex. 1991).  However, an unpleaded affirmative defense may serve as the basis for a summary judgment when it is raised in the summary judgment motion, and the opposing party does not object to the lack of a rule 94 pleading in either its written response or before the rendition of judgment.  
Tex. R. Civ. P
. 94
; see Roark, 
813 S.W.2d at 494
.

In this case, the Hospital asserted only a general denial in its answer and did not plead any affirmative defenses.  In Downs’s response to the Hospital’s motion for summary judgment, Downs objected that the Hospital’s answer did not plead the exclusive remedy provision of the Texas Workers’ Compensation Act as an affirmative defense.
(footnote: 2)  Thus, the trial court could not have correctly granted summary judgment for the Hospital on the ground of the affirmative defense of the Texas Workers’ Compensation Act’s exclusive remedy provision.  
Tex. R. Civ. P
. 94
; see Roark, 
813 S.W.2d at 494
.
  Accordingly, we sustain Downs’s first issue and hold that the trial court erred when it granted the Hospital’s motion for summary judgment.

IV. Conclusion 

Having sustained Downs’s first issue, we reverse the summary judgment and remand this case to the trial court for further proceedings.   

BOB MCCOY

JUSTICE

PANEL A: LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED: March 30, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
In Downs’s response to the Hospital’s motion for summary judgment
 she states: 

Without ever pleading the defense or raising this theory in Defendant’s Response to Plaintiff’s Request for Disclosure . . . Defendant now invokes the “exclusive remedy” provision of the Texas Workers’ Compensation Act, urging this Court to find that Plaintiff’s case is barred.  Under this theory, Defendant has moved for summary judgment claiming that Plaintiff is a “borrowed servant” of the Defendant hospital, therefore entitling Defendant to the protection of the Labor Code.