



## MEMORANDUM OPINION

No. 04-09-00207-CV

Lisa **GARCIA**,
Appellant

v.

Rolando **GARCIA** and Raymond E. Fuchs,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-04786
Honorable Martha Tanner, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: January 27, 2010

AFFIRMED

Lisa Garcia challenges the summary judgments granted in favor of her former attorneys, Rolando Garcia and Raymond E. Fuchs, on her claims for legal malpractice. We affirm the judgment of the trial court.

## BACKGROUND

Lisa was criminally charged with felony money laundering arising out of the confiscation of eight-liner gaming machines from her property. She hired Garcia to represent her on the criminal matter and subsequently retained Fuchs to represent her on the ancillary forfeiture cases, which were civil in nature. In the criminal case, Lisa pled *nolo contendre* to a lesser charge and was found guilty of the misdemeanor offense of engaging in a deceptive business practice. The forfeiture cases were disposed of by settlement.

Subsequently, Lisa applied for a bingo worker's license. The Texas Lottery Commission mailed her a notice of intent to deny her application on the basis that she had been convicted of one of the following: a felony, criminal fraud, a gambling or gambling-related offense, or a crime of moral turpitude and less than ten years had elapsed since the termination of the sentence, parole, mandatory supervision or community supervision served for the offense. The Commission later issued an order denying Lisa's application for a bingo worker's license, noting that she failed to appear before the Commission for a hearing on her application. Lisa did not appeal the Commission's decision. Thereafter, Lisa, appearing *pro se*, petitioned the trial court[1] for a writ of habeas corpus, arguing that her no contest plea was not entered into voluntarily because counsel failed to advise her of the collateral consequences of such a plea, including her inability to be licensed by the Texas Lottery Commission and seek employment requiring such a license. The trial

---

[1] The Honorable Tim Johnson, presiding judge of the County Court At Law No. 5, Bexar County, Texas, presided over the habeas corpus proceeding.

court heard the plea and set aside the criminal conviction[2] pending the State's amendment of charges. Shortly thereafter, Lisa pled no contest to a Class C misdemeanor and was found guilty of the same.

On March 26, 2008, Lisa filed suit against Garcia and Fuchs, alleging violations of the Deceptive Trade Practices Act and negligent misrepresentation. Garcia moved for summary judgment, arguing that because Lisa failed to establish the causation element required for a legal malpractice claim, he was entitled to judgment as a matter of law. Fuchs moved for summary judgment on the affirmative defense of limitations. After hearing Garcia's and Fuchs' motions for summary judgment, and considering Lisa's responses to same, the trial court granted the motions and ordered that Lisa take nothing against Garcia and Fuchs.

## DISCUSSION

On appeal, Lisa contends the motions for summary judgment filed by Garcia and Fuchs were improperly granted.[3]

### A. *Summary Judgment as to Garcia*

Garcia filed a hybrid motion for summary judgment. He moved for traditional summary judgment on the basis that Lisa could not prove the causation element required in a claim for legal malpractice because she was not exonerated of the underlying criminal conviction. His no-evidence motion asserted that there was no evidence that he had committed legal malpractice, breach of contract, breach of fiduciary duty, or fraud. On appeal, Lisa contends that she did meet the causation

---

[2] The trial court specifically stated on the record that the forfeiture actions were not being set aside.

[3] Lisa also states in the "Issues Presented" section of her brief that she is appealing the trial court's refusal to allow a court reporter during the hearing on the motions for summary judgment; however, Lisa does not brief this issue. Thus, Lisa's complaint regarding the lack of a court reporter is waived. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authority and to the record.").

element required for a legal malpractice claim because she never pled guilty to the underlying criminal charge and she was exonerated of the charge. Garcia responds that because Lisa does not challenge the no-evidence motion on appeal, the judgment should be affirmed in all respects. We agree in part. When a movant prevails on a hybrid motion for summary judgment and the order granting summary judgment does not identify the basis for the judgment, the nonmovant must challenge, and prevail on, every traditional and no evidence ground raised in the motion for summary judgment to obtain a reversal on appeal. *See Servin v. Great Western Ins. Co.*, No. 04-07-00380-CV, 2008 WL 723321, at *1 (Tex. App.—San Antonio Mar. 19, 2008, no pet.) (mem. op.); *Pierce v. Holiday*, 155 S.W.3d 676, 679 (Tex. App.—Texarkana 2005, no pet.). Because Lisa has not asserted error on appeal as to her claims for breach of fiduciary duty or fraud, she has waived error as to these claims. *Servin*, 2008 WL 723321, at *2. Lisa did, however, challenge at the trial court and now on appeal the causation element of her legal malpractice claim on both Garcia's traditional and no-evidence motions for summary judgment. Accordingly, we begin by analyzing the traditional motion for summary judgment.

We review the trial court's summary judgment *de novo. Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Gallagher Headquarters Ranch Dev., Ltd. v. City of San Antonio*, 269 S.W.3d 628, 633 (Tex. App.—San Antonio 2008, pet. filed). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Knott*, 128 S.W.3d at 215. A party moving for a traditional summary judgment must show that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see id.* at 215-16. When the trial court's order does not specify the grounds for granting summary

judgment, the appellate court must affirm if any of the theories presented in the summary judgment motion have merit. *Knott*, 128 S.W.3d at 216; *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996).

To recover on a claim for legal malpractice, the plaintiff must establish: (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 159 (Tex. 2004); *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995). In *Peeler v. Hughes & Luce*, the Texas Supreme Court noted that "nearly every court that has addressed the question of whether a convict may sue his or her attorney holds that, for reasons of public policy, the criminal conduct is the only cause of any injury suffered as a result of conviction." *Peeler*, 909 S.W.2d at 497.

> Permitting a convicted criminal to pursue a legal malpractice claim without requiring proof of innocence would allow the criminal to profit by his own fraud, or to take advantage of his own wrong, or to found a claim upon his iniquity, or to acquire property by his own crime. As such, it is against public policy for the suit to continue in that it would indeed shock the public conscience, engender disrespect for courts and generally discredit the administration of justice.

*Id.* (quoting *State ex rel. O'Blennis v. Adolf*, 691 S.W.2d 498, 504 (Mo. Ct. App. 1985)). Thus, the supreme court held that "plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise." *Id.* at 497-98. Exonerate is synonymous with "exculpate," which means "[t]o free from blame or accusation." BLACK'S LAW DICTIONARY 608, 616 (8th ed. 2004). While case law demonstrates that neither term is used frequently in the criminal context, we liken exoneration to acquittal, which is defined as "[t]he legal and formal certification of the innocence of a person who has been charged

with crime; . . . finding of not guilty." BLACK'S LAW DICTIONARY 23 (5th ed. 1979); *see also Tibbs v. Florida*, 457 U.S. 31, 41-42 (1982) (when a reviewing court finds the evidence legally insufficient to support a conviction, the result is an acquittal).

Here, Lisa petitioned the trial court for a writ of habeas corpus, arguing in several grounds that she was entitled to relief because she received inadequate representation of counsel when counsel failed to advise her of the consequences of her plea agreement, including that the plea would affect her ability to obtain a bingo worker's license in the future. The trial court granted the writ, stating, "I will grant the writ based upon your plea not being freely and voluntarily taken because it seems to me you were not advised of all the potential consequences." After the writ of habeas corpus was granted, the State filed a Motion to Amend and charged Lisa with the Class C misdemeanor of preventing execution of civil process, to which she pled no contest and was found guilty. Based on this record, we cannot conclude that Lisa was "exonerated on direct appeal, through post-conviction relief, or otherwise." *Peeler*, 909 S.W.2d at 497-98. During the habeas proceeding, the trial court did not make any statements indicating that Lisa was innocent of the actual charges against her; the trial court was merely concerned with whether Lisa had received adequate representation, which is not a basis for exoneration under the standard articulated in *Peeler*. *Id.*; *see*, *e.g.*, *Wooley v. State*, 273 S.W.3d 260, 268 n.12 (Tex. Crim. App. 2008) (acquittal is remedy provided for legally insufficient evidence and new trial is remedy provided for factually insufficient evidence); *Walker v. State*, 195 S.W.3d 250, 264 (Tex. App.—San Antonio 2006, no pet.) (defendant who proves both prongs of *Strickland* standard for ineffective assistance of counsel is entitled to new trial, not acquittal). Therefore, on this record, Lisa did not present evidence that she was cleared of all fault or guilt. Accordingly, Lisa was not exonerated of the offense that was the basis of Garcia's

representation. Garcia thus negated causation and proved his entitlement to judgment as a matter of law. We thus affirm the trial court's granting of summary judgment as to Lisa's legal malpractice claims. Because our resolution of this issue is dispositive, we need not address Garcia's no-evidence motion. Lisa's first issue is overruled.

**B.      *Traditional Summary Judgment as to Fuchs***

In his motion for summary judgment, Fuchs contended that Lisa's suit as to him was barred by the two-year statute of limitations applicable to legal malpractice claims. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2009); *see Parsons v. Turley*, 109 S.W.3d 804, 807-08 (Tex. App.—Dallas 2003, pet. denied). In the motion, Fuchs stated that his representation of Lisa ended on February 8, 2005, when he sent her a letter advising her that the forfeiture actions on which he represented her were finally settled by agreement. Lisa filed her lawsuit on March 26, 2008, more than two years later. The trial court granted summary judgment as to Fuchs on this basis, stating in the final judgment that "the affirmative defense of statute of limitations presented by the Defendant Raymond Fuchs is well founded and with merit." On appeal, Lisa acknowledges that the two-year limitations period would normally bar her suit against Fuchs, but argues that in this instance the limitations period is tolled by the discovery doctrine and the application of the *Hughes*[4] rationale.

**1.      *Discovery Doctrine***

A cause of action for legal malpractice generally accrues when facts come into existence that authorize a client to seek a judicial remedy for a legal injury. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120 (Tex. 2001). Occasionally, however, the period does not begin to run until the client discovers or through the exercise of reasonable diligence should have discovered the facts

---

[4] *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991).

establishing the elements of a cause of action. *Id.* at 120-21. Lisa contends she was injured by the denial of her bingo worker's license. The Texas Lottery Commission mailed her a notice of intent to deny on November 22, 2006, and Lisa asserts that prior to this date, she was unaware that the underlying criminal case interfered with her ability to acquire a bingo worker's license. Accordingly, Lisa claims that under the discovery rule, the limitations period for her malpractice claim as to Fuchs did not begin to run until November 22, 2006, and her lawsuit is thus timely.

We disagree that, with respect to Fuchs, Lisa's injury accrued when she was denied the bingo worker's license. Fuchs never represented Lisa on a criminal matter, and the bingo application was denied, at least in part, because of Lisa's criminal conviction. Accordingly, any claim against Fuchs ran from the date he concluded his legal representation of Lisa. We therefore conclude Fuchs met his burden of establishing his affirmative defense of limitations. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005) (defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action).

## 2.     *Hughes* **Rationale**

Lisa additionally argues that the rationale in *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991), should toll the limitations period. In *Hughes*, the Texas Supreme Court held that "when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim . . . is tolled until all appeals on the underlying claim are exhausted." *Id.* at 157. Here, Lisa contends that her lawsuit was filed within the applicable limitations period because she filed a habeas proceeding on the underlying criminal charge and the

writ was granted on December 20, 2007.  Lisa alleges that because she was proceeding in litigation related to the underlying cause of action, the limitations period was tolled until December 20, 2007.

In response, Fuchs contends that *Hughes* only applies to representation that results in litigation.  Here, Lisa's forfeiture cases, on which Fuchs represented her, were resolved by entering into agreed orders with the State, and no appeal was taken; accordingly, Fuchs' representation of Lisa did not result in litigation.  Additionally, Fuchs represented Lisa on the civil forfeiture cases, and the habeas proceeding was related to the criminal charge only.  In fact, the trial court specifically stated that the forfeiture cases were not being set aside.  Therefore, the rationale employed in *Hughes* cannot toll limitations in this instance.   Accordingly, we cannot say the trial court erred in granting summary judgment in favor of Fuchs on the basis of limitations.  Lisa's second issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice