Robert S. McGOWEN, Individually and as Administrator of the Estate of Ronald Cole McGowen, Deceased, and Robert S. McGowen and Elisa McGowen, Individually, Appellants,

v.

Mau–Ping HUANG, M.D., Women's Clinic of Angleton, P.A., Paula Lawrence, R.N., and Memorial Health Ventures, Inc., F/K/A Memorial Management Services, Inc., F/K/A Memorial Care Management Services, Inc., Appellees.

No. 06–02–00115–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 28, 2003.

Decided Oct. 22, 2003.

Rehearing Overruled Nov. 25, 2003.

Lynn J. Klement, Klement & Burridge, LLP, Angleton, for appellant.

Scott Lyford, Mills, Shirley, LLP, San Antonio, for Paula Lawrence.

Trace J. Sherer, Barbara A. Hilburn, Hilburn, Shores & Sherer, PLLC, Houston, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Elisa McGowen's 1992 traffic accident caused distress to her near-term unborn child, Ronald Cole McGowen (Cole). But, after Elisa's admission to a hospital in the Angleton–Danbury Hospital District (the District), almost five hours passed before her son was delivered by emergency caesa-

rean section.[1] After his birth, Cole was diagnosed with a severe brain injury and, ultimately, lack of brain development. He died shortly after his sixth birthday.

Out of that tragedy, claims were filed against numerous parties, many now resolved. This appeal involves claims by Cole's estate (the Estate) against Paula Lawrence, R.N., an obstetrical nurse employed by the District; Mau Ping Huang, M.D., the on-call and attending physician; and Women's Clinic of Angleton, P.A. (the Clinic), Huang's employer. The trial court granted summary judgments in favor of each of those defendants. The Estate asserts on appeal that Lawrence is not entitled to the protection of the Texas Tort Claims Act (the Act) because there was no "prior judgment" as those words are used by the Act and because Lawrence's actions did not "give rise to" the claims against other defendants and did not concern the "same subject matter." The Estate argues on appeal that Huang and the Clinic are not protected by res judicata because the Estate had the absolute right to take the nonsuit it took previously, there was previously no final judgment on the merits, and the Estate was not in privity with Cole's parents, the McGowens. We affirm Lawrence's judgment but reverse Huang's and the Clinic's judgments and remand those causes of action to the trial court.

*Procedural History*

In 1993, Robert McGowen, individually, Elisa, individually, (the McGowens), and Robert McGowen, as guardian of Cole, (the Guardianship), filed suit against Angleton–Danbury General Hospital (Hospital) (a hospital operated by the District),

Dean A. Atkinson, M.D., Jo Ella South, Lawrence, Huang, and the Clinic. Atkinson, the emergency room physician, and South, one of the labor and delivery nurses, both settled with the McGowens and the Guardianship in 1996. The District received partial summary judgments holding that Atkinson and Huang were not employees of the District under the Act. Huang received a partial summary judgment holding that he had no duty to any plaintiff just because he was the on-call obstetrician and that the individual claims of the McGowens were barred by limitations. Still unresolved was the Guardianship's claim that Huang was negligent after he assumed the care of Elisa and Cole. On March 10, 1997, the McGowens and the Guardianship nonsuited all remaining claims so they could appeal the partial summary judgments. The nonsuited claims included claims remaining against Huang, the Clinic, Lawrence, and Memorial Management Services. The trial court's decisions were affirmed by the Twelfth Court of Appeals. *McGowen v. Huang*, No. 12–97–00260–CV (Tex.App.-Tyler Jan. 29, 1999, pet. denied) (not designated for publication).

In 1998, the McGowens and the Estate filed the present suit against Huang, the Clinic, Lawrence, and Memorial Health Ventures, Inc. The McGowens and the Estate alleged that Cole's brain injury, total disability before death, and ultimate death were caused by negligence in the treatment, or lack of treatment, provided Cole and Elisa. Lawrence filed a summary judgment motion based on (1) TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997), prohibiting a suit against an em-

---

1. After the accident, Elisa was taken by ambulance to Angleton–Danbury General Hospital (Hospital), operated by the Angleton–Danbury Hospital District. The Hospital admitted Elisa at approximately 6:00 o'clock p.m. Eventually, Mau Ping Huang, M.D., evaluated Elisa at approximately 9:15 p.m. Huang ordered the baby be immediately delivered by emergency caesarean section. The baby was not delivered until almost 11:00 p.m.

ployee of a governmental entity when a prior judgment or settlement agreement has been reached with the governmental entity, and (2) the assertion that the McGowens' individual claims were barred by limitations. Huang and the Clinic filed a summary judgment motion based on res judicata and attacked the McGowens' individual claims based on limitations. The trial court granted summary judgment in favor of all defendants on March 11, 2002. On appeal, the McGowens have abandoned their individual claims concerning Lawrence, Huang, and the Clinic; and the McGowens and the Estate have abandoned their claims concerning Memorial Health Ventures, Inc.

*Reviewing Summary Judgments*

Traditional summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Dresser Indus. v. Underwriters at Lloyd's*, 106 S.W.3d 767 (Tex.App.-Texarkana 2003, pet. filed). Because the movant bears the burden of proof, all evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issue of material fact are resolved in favor of the nonmovant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994).

*Lawrence and the Act*

In its first point of error, the Estate contends the trial court erred by granting summary judgment for Lawrence under Section 101.106.

■ Section 101.106 provides, "A *judgment* in an action or a settlement of a claim under this chapter bars any action involving the *same subject matter* by the claimant against the employee of the governmental unit whose act or omission *gave rise to the claim.*" TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (emphasis added). In order to be entitled to immunity as a governmental employee, a party must prove: (1) there is a judgment or settlement; (2) of a claim under the Act; (3) involving the same subject matter; (4) brought by the same claimant; (5) asserted against the employee of a governmental entity; (6) whose act or omission gave rise to the claim which resulted in the judgment or settlement. *Smith v. Altman*, 26 S.W.3d 705, 708 (Tex.App.-Waco 2000, pet. dism'd w.o.j.). The Estate disputes three of these elements, including whether there is a judgment or settlement, whether the suits involve the same subject matter, and whether the prior decision involved claims created by Lawrence's acts or omissions.

1. *Was There a Prior Judgment as Required by Section 101.106?*

The Amarillo Court of Appeals has held that a nonsuit without prejudice, during the pendency of a summary judgment motion, "is not a judgment or a settlement which would bar action on a claim within the meaning of Section 101.106." *Yanez v. Milburn*, 932 S.W.2d 725, 728 (Tex.App.-Amarillo 1996, writ denied). In *Yanez*, the trial court had yet to rule on the motion for summary judgment. *Id.* at 726. The issue before us, however, is whether a partial summary judgment is a judgment under the Act sufficient to invoke Section 101.106.

We first focus on whether a partial summary judgment is a prior judgment.[2] "Section 101.106 is triggered by *any* judgment in an action against a governmental unit...." *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998). The Texas Supreme Court has held that a summary judgment against the governmental entity which was severed from the suit against the employee provided the employee with immunity from any further action. *Newman v. Obersteller,* 960 S.W.2d 621, 623 (Tex.1997). Further, the Texas Supreme Court has held that Section 101.106 bars the simultaneous rendition of judgment against an employee and the employer. *Thomas v. Oldham,* 895 S.W.2d 352, 357 (Tex.1995). Although the Estate's claims were nonsuited rather than severed, the principle of *Newman* appears to apply. The partial summary judgment followed by a nonsuit triggers Section 101.106.

We next focus on whether Section 101.106 requires a judgment on the merits. Recently, Houston's Fourteenth District Court of Appeals considered this issue:

> The Dalehites cite authority from this Court that an order granting a plea to the jurisdiction is not a judgment on the merits, and thus cannot form the basis of a governmental employee's immunity motion. *See Brown v. Prairie View A & M University,* 630 S.W.2d 405 (Tex.

App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.) (holding university employees were not entitled to immunity when university was dismissed for want of jurisdiction). But since *Brown,* the Texas Supreme Court has held just the opposite on several occasions. *See Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998); *Newman v. Obersteller,* 960 S.W.2d 621, 622 (Tex.1997) (both cases construing Section 101.106 to require dismissal of claims against governmental employees when claims against their governmental employer are dismissed on immunity grounds). We must follow the higher court.

*Dalehite v. Nauta,* 79 S.W.3d 243, 244 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *see Liu v. City of San Antonio,* 88 S.W.3d 737, 744 (Tex.App.-San Antonio 2002, pet. denied); *see also Zaragoza v. City of Grand Prairie,* 998 S.W.2d 395, 398 (Tex.App.-Texarkana 1999, no pet.). Thus, any judgment under the Act bars any further action.[3] The finding that sovereign immunity was not waived by the Act is still a judgment under the Act. "The immunity conveyed to a governmental unit's employees by Section 101.106 is triggered by any judgment in an action against a governmental unit, including a judgment in favor of the governmental unit." *Zaragoza,* 998 S.W.2d at 398. Lawrence has met the requirement of a prior judgment.

2. The Dallas Court of Appeals has held that Section 101.106 requires a final judgment. *Johnson v. Resendez,* 993 S.W.2d 723, 726 (Tex.App.-Dallas 1999), *pet. dism'd, improvidently granted,* 52 S.W.3d 689 (Tex.2001). The court further held that an interlocutory summary judgment was not a final judgment based on the reasoning that the "trial court could rescind the very interlocutory order upon which the appellants base their claim." *Id.* In *Resendez,* the appeal was taken interlocutory and the court still had plenary power. *Id.* at 725. In the current situation, the origi-

nal court no longer has plenary power, and therefore the reasoning of the Dallas Court of Appeals does not apply here.

3. We note that Houston's First District Court of Appeals has recently held that Section 101.106 requires a judgment on the merits. *See Sykes v. Harris County,* 89 S.W.3d 661, 668 (Tex.App.-Houston [1st Dist.] 2002, pet. filed). The Texas Supreme Court has ruled that any final judgment triggers Section 101.106. We follow the high court.

## 2. *Did Lawrence's Actions Give Rise to the Claim?*

■ The Estate alleges Section 101.106 does not convey immunity because the partial summary judgments were based on the District's liability concerning other defendants, not Lawrence. Although the plain language of the statute appears to support the Estate's argument, the Texas Supreme Court has addressed this argument and rejected it. In *Bossley,* the plaintiffs argued Section 101.106 provided immunity only to the one employee "whose act or omission gave rise to the claim." *Bossley,* 968 S.W.2d at 344. The Texas Supreme Court held that:

> But plaintiffs read "claim" too narrowly. Their claim against Dallas County MHMR is not simply that one of its employees allowed Roger to escape; rather, they claim that the conduct of all the defendants caused Roger's death. A claimant cannot limit the immunity conveyed by Section 101.106 by singling out one employee's conduct on which to base liability of the governmental unit. All employees whose acts or omissions gave rise to the claim against the governmental unit are entitled to immunity, regardless of whether the claimant complains of their conduct.

*Id.* Thus "claim" is read broadly to convey immunity to all employees involved whose conduct gave rise to the claim, regardless of whose conduct formed the basis of the trial court's summary judgment. Therefore, Lawrence met the requirement of "whose act or omission gave rise to the claim."

## 3. *Did Lawrence's Actions Involve the Same Subject Matter?*

■ Finally, the Estate argues the judgment is not on the same subject matter as the current suit. The relevant inquiry is whether the action involves the same subject matter, rather than whether it is based on the same cause of action. *Id.* at 343.

■ The Texas Supreme Court in *Bossley* defined "involving the same subject matter" as "arising out of the same actions, transactions, or occurrences." *Id.* While the *Bossley* Court did not further define an "occurrence," we believe the res judicata factors are relevant. For the purposes of res judicata, the suits involve the same transaction based on a consideration of "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 631 (Tex. 1992). Based on these factors, it is clear the current suit arises out of the same transaction as the prior suit.

Texas courts have recognized that some effects of Section 101.106 may be harsh. *Brand v. Savage,* 920 S.W.2d 672, 675 (Tex.App.-Houston [1st Dist.] 1995, no writ). The Texas Supreme Court noted in *Oldham* that the plaintiff has the choice of seeking relief against the employee or the employer:

> Although a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course. He or she may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government.

*Oldham,* 895 S.W.2d at 357–58. When a plaintiff chooses to bring an action pursuant to the Act, "she is bound by its provisions and limitations including section 101.106." *Brand,* 920 S.W.2d at 675. Section 101.106 bars any action against Law-

rence. Therefore, we affirm the judgment as to Lawrence.

*Huang, the Clinic, and Res Judicata*

In its second point of error, the Estate argues that its claims against Huang and the Clinic are not barred by res judicata. The Estate points out the current suit alleges liability only for negligence that occurred after Huang assumed care of Elisa and Cole. In fact, in granting partial summary judgment, the trial court specifically reserved any decision regarding Huang's conduct that occurred once a physician-patient relationship had begun. The Estate adds that nonsuiting the remaining claims after the partial summary judgment did not relinquish the right to litigate said claims and that the partial summary judgment granted in the previous action was not a final prior judgment for the purposes of res judicata.[4]

Huang and the Clinic contend that a prior final judgment exists concerning the same subject matter, and therefore the claims are barred. Huang and the Clinic, though conceding that, after the partial summary judgments—but before the non-suits—in the original case, the Estate could have pursued the remaining claims or sought a severance, argue that, because the Estate chose to nonsuit, it is now barred from bringing the current claims.

To determine whether res judicata bars the current action, we must determine whether there was a final judgment on the merits in the prior suit and whether the concept of privity binds the Estate to the prior adjudication of the McGowens' individual claims.[5]

---

4. To establish res judicata, the claimant must show: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996).

The Texas Supreme Court has adopted the transactional approach to res judicata. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex.1992). Under the "transactional" approach, a judgment in an earlier suit "precludes a second action by the parties and their privities not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Id.* at 630; *see Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex.1992); *Amstadt,* 919 S.W.2d at 652. The Texas Supreme Court held that a "transaction" is not equivalent to a sequence of events, but rather the determination is to be made pragmatically "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr,* 837 S.W.2d at 631; *see Getty Oil,* 845 S.W.2d at 798–99; *Musgrave v. Owen,* 67 S.W.3d 513, 519 (Tex. App.-Texarkana 2002, no pet.).

Claims that are voluntarily withdrawn are still subject to res judicata even though they were dismissed without prejudice. *Jones v. Nightingale,* 900 S.W.2d 87, 90 (Tex.App.-San Antonio 1995, pet. ref'd).

5. The Estate also argues that the two suits do not arise out of the same subject matter. It argues that, since the prior suit was confined only to liability before the original examination by Huang, the current suit is on a different subject matter since it only examines the liability for negligence after the original examination. Huang and the Clinic argue that the claims are precluded because they arise out of the same subject matter as the first suit. Determining whether the subject matter in the previous suit and the current suit are the same for the purposes of res judicata requires an examination of the factual bases of the claims in the prior litigation and an analysis of the factual matters that make up the gist of the complaint without regard to the form of the action. *Barr,* 837 S.W.2d at 630. Essentially, this Court must determine whether the cases share the same nucleus of operative facts. *Musgrave,* 67 S.W.3d at 519. Based on the factors of space, time, origin, whether

### 1. Was There a Prior Judgment on the Merits?

Huang and the Clinic argue there was a final prior judgment. They argue that either the trial court's order on April 30, 1997, or the nonsuits resulted in a final judgment on the merits. A final judgment extinguishes the right to bring other suits on the transaction or series of transactions involved in that litigation. *Musgrave v. Owen,* 67 S.W.3d 513, 519 (Tex.App.-Texarkana 2002, no pet.). We will examine the effect of the partial summary judgments, the nonsuit, and the order entitled "Final Judgment" respectively to determine whether a final judgment on the merits was ever entered.

 The partial summary judgments issued before the nonsuit were not final judgments on the merits. To be a final judgment, a summary judgment must dispose of all the parties and issues in a lawsuit. *Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51, 53 (Tex.1990). If a summary judgment does not mention or refer to issues still pending, then those issues remain unadjudicated, and the summary judgment is not final. *See id.* As Huang concedes, viable claims still existed after the prior summary judgments. Therefore, the prior partial summary judgments in the suit were not final judgments on the merits.

 The next question is whether the nonsuit changed the partial summary judgments into final judgments. A nonsuit [6] is effective as soon as it is filed. *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982); *Zimmerman v. Ottis,* 941 S.W.2d 259, 261 (Tex.App.-Corpus Christi 1996, no writ); *Miller v. Armogida,* 877 S.W.2d 361, 364 (Tex.App.-Houston [1st Dist.] 1994, writ denied). A nonsuit taken after a partial summary judgment results in a dismissal with prejudice as to the issues adjudicated in favor of the defendant. *Hyundai Motor Co. v. Alvarado,* 892 S.W.2d 853, 855 (Tex.1995). Huang argues that, since the issues were dis-

---

they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage, it appears clear the two suits concern the same subject matter.

**6.** The Texas Rules of Civil Procedure provide, "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a nonsuit...." TEX.R. CIV. P. 162. The nonsuit rule is designed to allow the plaintiff to escape from unexpected emergencies. *Johnson v. Harless,* 651 S.W.2d 259, 260 (Tex. 1983); *Hoodless v. Winter,* 80 Tex. 638, 16 S.W. 427, 428 (1891). The rule should be construed liberally in favor of the right to take a nonsuit. *Baca v. Hoover, Bax & Shearer,* 823 S.W.2d 734, 738 (Tex.App.-Houston [14th Dist.] 1992, writ denied).

Generally, the taking of a voluntary nonsuit does not resolve the issues in a case and does not prejudice the parties against seeking the same relief in a subsequent lawsuit. *Aetna Cas. & Sur. Co. v. Specia,* 849 S.W.2d 805, 807 (Tex.1993); *Sandoval v. Rosser,* 86 Tex. 682, 26 S.W. 933, 934 (1894); *Rexrode v. Bazar,* 937 S.W.2d 614, 619 (Tex.App.-Amarillo 1997, no pet.). A voluntary nonsuit, however, may be subject to res judicata. *Antonini v. Harris County Appraisal Dist.,* 999 S.W.2d 608, 614 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Jones v. Nightingale,* 900 S.W.2d 87, 90 (Tex.App.-San Antonio 1995, writ ref'd).

This case reveals tension between the right to a nonsuit and res judicata. It is well established that plaintiffs are the masters of their suits regarding the claims and parties they choose to pursue. *Heard v. Moore,* 101 S.W.3d 726, 728 (Tex.App.-Texarkana 2003, pet. denied). The right to a nonsuit has a long and well-established tradition in Texas jurisprudence. Rule 162 provides that a nonsuit can be taken until all the evidence has been presented. *See* TEX.R. CIV. P. 162. If a partial summary judgment is a final judgment for the purposes of res judicata, then the right to a nonsuit without sanction would be lost when any partial summary judgment is announced. Such a result would dramatically rewrite Rule 162.

missed with prejudice under the principle established in *Hyundai*, the nonsuit in effect created a final judgment out of the prior partial summary judgment. He cites *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) (dismissal with prejudice constitutes adjudication on merits). However, not all claims were dismissed with prejudice. A nonsuit without prejudice does not adjudicate the rights of the parties but merely places them in the positions in which they would have been, had suit not been brought. *KT Bolt Mfg. Co. v. Tex. Elec. Coop., Inc.*, 837 S.W.2d 273, 275 (Tex. App.-Beaumont 1992, writ denied). Since claims exist which were not dismissed with prejudice, the nonsuits were not final judgments on the merits.

Finally, the order entitled "Final Judgment" failed to make any new rulings, but only documented how claims had been disposed of in the case. Since a nonsuit is effective immediately on filing, an order acknowledging the nonsuit is entirely ministerial and gives the trial court no discretion, provided none of the limitations to a nonsuit are applicable. The Texas Rules of Civil Procedure provide that, "when a party has mistakenly designated any ... pleading, the court ... shall treat the ... pleading as if it had been properly designated." TEX.R. CIV. P. 71. The April 30 order entitled "Final Judgment" was not a final judgment on the merits.

2. *Was the Estate in Privity with the McGowens?*

Huang and the Clinic argue in the alternative that the Estate is barred by res judicata because it is in privity with the McGowens. They argue that the McGowens' individual claims resulted in final judgment in the prior suit due to the statute of limitations. Huang and the Clinic then argue that, if the McGowens' individual claims are barred by res judicata, the Estate's claims should also be barred by res judicata. Huang and the Clinic contend that, because the Estate is in privity with the McGowens, its claim is barred by virtue of the prior final judgment concerning the McGowens' individual claims on the same subject matter.

We hold the application of the privity doctrine is inappropriate in this case. Privity is intended to be used when the party was not a party to the prior lawsuit. The Texas Supreme Court in *Amstadt* held as follows:

> Generally people are not bound by a judgment in a suit to which they were not parties. *See* TEX. CIV. PRAC. & REM. CODE § 37.006(a). The doctrine of res judicata creates an exception to this rule by forbidding a second suit arising out of the same subject matter of an earlier suit by those in privity with the parties to the original suit. *See Crow Iron Works*, 582 S.W.2d at 771–72. The purposes of the exception are to ensure that a defendant is not twice vexed for the same acts, and to achieve judicial economy by precluding those who have had a fair trial from relitigating claims. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex.1971).

*Amstadt*, 919 S.W.2d at 652–53; *accord Mayes v. Stewart*, 11 S.W.3d 440, 449 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). Huang and the Clinic argue that privity exists because the Estate shared interests with the McGowens, and the Estate, through Robert McGowen, had a right to control the prior suit.[7] "Those in

---

7. Huang and the Clinic cite *Freeman v. Cherokee Water Co.*, 11 S.W.3d 480, 483 (Tex.App.-Texarkana 2000, pet. denied), for the proposition that children are in privity with their parents. While *Freeman* holds that the children in that case were in privity with their parents, it does not hold parents are always in privity with their children. Huang and the

privity with a party may include a person who exercises control over the action, persons whose interests are represented by the party, or successors in interest to the party." *Getty Oil*, 845 S.W.2d at 800–01. Certainly the McGowens and the Estate shared many of the same interests in the result of the lawsuit, but the shared interests are not identical. "Privity exists if the parties share an identity of interest in the basic legal right that is the subject of litigation." *Amstadt*, 919 S.W.2d at 653. We do not believe that the interests of the McGowens and the Estate are sufficiently similar. That the Estate's claim was not barred by the statute of limitations, while the McGowens' individual claims were, reveals that their interests are not identical. "Privity is not established by the mere fact that the persons may happen to be interested in the same question or in proving the same facts." *Mayes*, 11 S.W.3d at 449 (unrelated third party found not in privity concerning divorce). Huang and the Clinic argue that, since Robert McGowen acted as guardian for Cole, his role provided privity because the Estate had a right to control the final lawsuit. A guardian's powers, however, are not plenary, but are restricted by duties owed to the ward and the necessity to obtain court approval for most actions. *See* TEX. PROB.CODE ANN. §§ 675, 693, 765 (Vernon 2003). Therefore, the guardian's right to control a lawsuit does not necessarily follow from the mere fact that the individual serving as guardian is a party to the lawsuit in his or her individual capacity as well. Further, "there is no general definition of privity that can be applied in all res judicata cases" and the court should examine the circumstances of each case. *Getty Oil*, 845 S.W.2d at 800. In the circumstances of this case, the Estate was not in privity with the McGowens.

For the purposes of res judicata, there was no final judgment on the merits and the Estate was not in privity with the McGowens. Therefore, res judicata does not apply to bar the Estate's claims against Huang and the Clinic.

*Conclusion*

We affirm the trial court's summary judgment as to Lawrence and reverse and remand as to Huang and the Clinic.

Clinic also argue that the McGowens are successors in interest to the Estate, thus creating privity. However, whether the McGowens are successors in interest to the Estate is irrelevant because the issue is whether the Estate is in privity with the McGowens, not whether the McGowens are in privity with the Estate.