IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00195-CR

 

Ex parte
Wayne Burton

 

 

 



From the 411th District Court

San Jacinto County, Texas

Trial Court No. 8638

 



MEMORANDUM  Opinion



 








            Wayne Burton seeks to appeal from the
refusal of a San Jacinto County district court to grant his post-conviction
habeas application.  We will dismiss the appeal for want of jurisdiction for at
least two reasons.

            First, a writ of habeas corpus under
article 11.07 of the Code of Criminal Procedure is the exclusive remedy available
to challenge a final felony conviction after a direct appeal.  See Tex. Code Crim. Proc. Ann. art. 11.07,
§ 5 (Vernon 2005); Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim.
App. 1996); Ex parte Mendenhall, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006,
no pet.).  Although an application under article 11.07 must be filed with the
trial court, the writ, which issues by operation of law, “must be made
returnable to the Court of Criminal Appeals.”  Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon 2005).  “Therefore,
this Court does not have jurisdiction to entertain a post-conviction felony
habeas application or the purported appeal of a trial court’s ruling on such an
application.”  Mendenhall, 209 S.W.3d at 261.

            Second, Burton brings this appeal from
a district court in San Jacinto County.[1]
However, San Jacinto County lies within the geographic boundaries of the Ninth
Court of Appeals District rather than the Tenth Court of Appeals District.  See
Tex. Gov’t Code Ann. § 22.201(j),
(k) (Vernon Supp. 2006).  This Court’s appellate jurisdiction in criminal cases
only reaches county and district courts within this Court’s geographic boundaries.
 See Tex. Code Crim. Proc. Ann.
art. 4.03 (Vernon 2005).

            This Court does not have jurisdiction
over a purported appeal in a post-conviction habeas matter, nor does this Court
have appellate jurisdiction over criminal cases prosecuted in San Jacinto County.  Accordingly, we dismiss Burton’s appeal for want of jurisdiction.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment, but not this opinion, without issuing a
separate opinion)

Appeal dismissed

Opinion delivered and
filed July 11, 2007

Do not publish

[CR25]            









[1]
              This Court affirmed Burton’s San Jacinto County conviction for aggravated assault in an unpublished decision. 
See Frazier v. State, No. 10-04-235-CR, 2005 WL 2234002 (Tex. App.—Waco Sept. 14, 2005, pet. dism’d, untimely filed) (not designated for publication).  That
appeal was originally filed with the Ninth Court of Appeals but was transferred
to this Court by the Supreme Court for docket equalization purposes.  Burton’s habeas application is an effort to have that conviction set aside.  However, no
similar transfer order has been issued for Burton’s current appeal.

 








ext-align:justify;line-height:
200%'>         Governmental entities are
immune from tort liability under the doctrine of sovereign immunity unless the
legislature has waived immunity.  Dallas County Mental Health &
Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998).  Sovereign
immunity has two components: immunity from liability and immunity from suit.  Wichita
Falls St. Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003).  Immunity from
suit is waived to the extent of liability created by the TTCA.  Tex. Civ. Prac. & Rem. Code Ann §
101.025(a) (Vernon 2005); Tex. Dept. of Parks and Wildlife v. Miranda,
133 S.W.3d 217, 224 (Tex. 2004).  Immunity from suit protects the state from
being sued without its consent.  Texas DOT v. Jones, 8 S.W.3d
636, 638 (Tex. 1999).  Absent the State’s consent to suit, a trial court lacks
subject matter jurisdiction.  See id.  Whether a trial court has subject
matter jurisdiction is a question of law reviewed de novo.  Tex. Nat. Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

          In a suit against a governmental
entity, the plaintiff must affirmatively demonstrate the court’s jurisdiction
by alleging a valid waiver of immunity and pleading facts showing that the
trial court has jurisdiction.  Miranda, 133 S.W.3d at 226.  When deciding
whether to grant a plea to the jurisdiction, the trial court looks to the
allegations in the petition together with any relevant jurisdictional
evidence.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).

          The
substance of WISD’s plea to the jurisdiction involves newly-amended section
101.106 of the Texas Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2005). 
Previously section 101.106, entitled “Employees Not Liable After Settlement or
Judgment” stated:  “A judgment in an action or a settlement of a claim under
this chapter bars any action involving the same subject matter by the claimant
against the employee of the governmental unit whose act or omission gave rise
to the claim.”  Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1,
1985 Tex. Gen. Laws 3305, (amended 2003) (current version at Tex. Civ. Prac. & Rem. Code §
101.106).  In 2003, the Legislature amended section 101.106 to its current
form.  Entitled “Election of Remedies,” section 101.106 is as follows:

(a) The filing of a suit under this chapter
against a governmental unit constitutes an irrevocable election by the
plaintiff and immediately and forever bars any suit or recovery by the
plaintiff against any individual employee of the governmental unit regarding
the same subject matter.

 

(b) The filing of a suit against any employee of
a governmental unit constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff against the
governmental unit regarding the same subject matter unless the governmental
unit consents.

 

(c) The settlement of a claim arising under this
chapter shall immediately and forever bar the claimant from any suit against or
recovery from any employee of the same governmental unit regarding the same
subject matter.

 

(d) A judgment against an employee of a
governmental unit shall immediately and forever bar the party obtaining the
judgment from any suit against or recovery from the governmental unit.

 

(e) If a suit is filed under this chapter
against both a governmental unit and any of its employees, the employees shall
immediately be dismissed on the filing of a motion by the governmental unit.

 

(f) If a suit is filed against an employee of a
governmental unit based on conduct within the general scope of that employee’s
employment and if it could have been brought under this chapter against the
governmental unit, the suit is considered to be against the employee in the
employee's official capacity only.  On the employee’s motion, the suit against
the employee shall be dismissed unless the plaintiff files amended pleadings
dismissing the employee and naming the governmental unit as defendant on or
before the 30th day after the date the motion is filed.

 

Tex. Civ. Prac. &
Rem. Code § 101.106.

          The Legislature amended section 101.106
apparently to force a plaintiff to choose whether he would seek to impose tort
liability on a governmental unit or on governmental employees acting as
individuals outside their official capacity.  See Villasan v.
O’Rourke, 166 S.W. 3d 752, 758, 759-60 (Tex. App.—Beaumont 2005, pet. filed). 
The choice of one immediately and irrevocably bars the plaintiff’s claims
against the other.  Tex. Civ. Prac.
& Rem. Code § 101.106(a)-(d).  A plaintiff unwise in his choices
potentially faces an irrevocable bar against both the governmental entity and
its’ employees.  Id.  The effect of the statute is that a plaintiff is
no longer able to include every potential tortfeasor in a suit, argue alternative
theories of recovery based on the same conduct, and allow a fact finder to decide
which party was the wrongdoer.  See Villasan, 166
S.W.3d at 758.  “The prior statutory language may well have been intended
to yield the same result, but court interpretations have read it otherwise so
long as the plaintiff was willing to sue the parties in the ‘correct’ order.” 
Michael D. Morrison, Texas Tort Law - 2003; It Was a Very _____ Year,
56 Baylor L. Rev. 423, 479-80 (2004).

          Of the few appellate
decisions addressing section 101.106, all involve dismissing the suit against
the governmental employees, specifically section 101.106(e).  This is because
the statute strongly favors dismissal of the governmental employees.  Tex. Civ. Prac. Rem. Code § 101.106(e),
(f).  Upon the motion of either the government or the employees, a plaintiff is
forced to proceed against the government alone in three circumstances: “(1)
when the suit is initially filed against the governmental agency alone; (2)
when the suit is initially filed against both governmental agency and its
employees; and (3) when the suit is initially filed against the government
employee when the employee’s conduct is alleged to have been within his scope
of employment.”  Villasan, 166 S.W.3d at 758.  The decisions have held that
once the government files a motion to dismiss the employees under section
101.106(e), the trial court must grant the motion and dismiss the employees
from the suit.  Villasan, 166 S.W.3d at 761-62; Hernandez v. Duncanville Indep. Sch. Dist., No. 3:04-CV-2028-BH (B), 2005 U.S. Dist. LEXIS 5090 at
**16-18 (N.D. Tex. Mar. 29, 2005) (not designated for publication); Martinez
v. Ctr. for Health Care Servs., No. SA-04-CA-0412-RF, 2005 U.S. Dist. LEXIS 9379 at *6 (W.D. Tex. May 12, 2005) (not designated for publication).

          The present case concerns
the opposite situation.  Instead of
seeking to dismiss the Defendant Employees under section 101.106(e), WISD argues
that 101.106(b) requires the dismissal of Appellees’ case against the
governmental unit.

         Section 101.106(b) states
that the filing of a suit against any employee of a governmental unit forever bars
any suit or recovery against the governmental unit involving the “same subject
matter.”  Because Appellees filed suit against the Defendant Employees for
malicious prosecution, WISD argues that Appellees suit against it for unlawful
termination of their employment should be dismissed under section 101.106(b). 
WISD’s arguments in support of dismissal under section 101.106(b) are twofold:
(1) under section 101.106(b) the capacity in which the Defendant Employees were
sued is irrelevant; and (2) the cause of action against the Defendant Employees
and the cause of action against WISD consist of the same subject matter.

Capacity of Employee
Irrelevant

         First, WISD argues that the
simple act of filing a suit against a governmental employee automatically bars
a suit against the governmental unit, irrespective of whether the suit is filed
against the employee in his official capacity or in his individual capacity.  WISD
states that it is irrelevant that Appellees sued the Defendant Employees for a
common law claim outside the TTCA.  They reason that because the language
“under this chapter” is omitted from section 101.106(b), the provision is not
restricted to TTCA claims alone, but applies to any common law tort claim
brought against a governmental employee.  Nor, WISD argues, does it matter that
Appellees sued the Defendant Employees in their individual capacity because section
101.106(b) does not distinguish between suits filed against government
employees in their official capacity and those filed against employees in their
individual capacities.  Therefore, WISD argues it is irrelevant that Appellees
filed the lawsuit against the Defendant Employees, either as individuals or in
their official capacity, because in either instance the lawsuit against WISD is
still barred.

          Because amended section 101.106
contains similar language to that of former section 101.106, we look to
previous interpretations of former section 101.106 for our analysis.  See
Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen.
Laws 3305, (amended 2003) (current version at Tex.
Civ. Prac. & Rem. Code § 101.106).  While the former statute did not
address it, interpretations of former section 101.106 did not differentiate
between whether the government employee was sued in his official or individual
capacity in order to determine whether the statute’s bar applied.  “Whether the
plaintiff’s claim against the governmental unit falls under the TTCA is
relevant, but whether the plaintiff’s claim against the employee falls under
the TTCA is not.”  Hallmark v. City of Fredericksburg, 94 S.W.3d 703,
710 (Tex. App.—San Antonio 2002, pet. denied) (citing Brand v. Savage,
920 S.W.2d 672, 674-75 (Tex. App.—Houston [1st Dist.] 1995, no writ)).  This is
because the purpose of former section 101.106 was to protect government
employees from individual liability when a claim based upon the same facts is
also made against their government employers under the TTCA.  Hallmark,
94 S.W.3d at 710 (citing Gonzalez v. El Paso Hosp. Dist., 940 S.W.2d
793, 795 (Tex. App.—El Paso 1997, no writ)).

          The current version of amended-statute
section 101.106(b) also does not differentiate between an employee in his official
or individual capacity, and a deeper analysis reveals why this is so.  Tex. Civ. Prac. & Rem. Code §
101.106.  Filing a suit against an employee in his official capacity is “an
attempt to impose liability on the State.”  Tex. Parks and Wildlife Dept. v.
E.E. Lowrey Realty, Ltd., 155 S.W.3d 456, 458 (Tex. App.—Waco 2004, pet.
filed) (citing Vela v. Rocha, 52 S.W.3d 398, 403 (Tex. App.—Corpus
Christi 2001, no pet.)).  And so, if an employee sued in his official capacity
files a motion under section 101.106(f), and the plaintiff dismisses the
employee and amends his petition to name the governmental unit, then the suit
is considered as a suit against the governmental unit.  Tex. Civ. Prac. & Rem. Code § 101.106(f).  However, if
the employee makes no such motion, then the government is protected by the irrevocable
bar of section 101.106(b).  Tex. Civ.
Prac. & Rem. Code § 101.106(b).  It is precisely because section
101.106(b) does not address the capacity of the employee, that subsection (b) applies
to employees sued in their official capacity who fail to file a motion under
section 101.106(f).  Tex. Civ. Prac.
& Rem. Code § 101.106(b), (f).

          Similarly, because section 101.106(b)
omits “under this chapter” it also applies to employees sued in their individual
capacities, as employees sued in this capacity are usually sued under the common
law.  See McGowen v. Huang, 120 S.W.3d 452, 459 (Tex. App.—Texarkana
2003, pet. denied).  The governmental unit is protected under both situations. 
Therefore, construing section 101.106 in the “plain and common meaning of the
statute’s words,” the absence of a reference to “under this chapter” or to the
capacity under which the employee is sued is intentional.  Computek Computer
& Office Supplies, Inc. v. Walton, 156 S.W.3d 217, 223 (Tex. App.—Dallas 2005, no pet.) (quoting LaPorte v. Barfield, 898 S.W.2d 288, 292 (Tex. 1995)); Villasan, 2005 Tex. App. LEXIS 4022 at *19.  Accordingly, we agree with
WISD that under section 101.106(b) whether the Defendant Employees were sued in
their official or individual capacities is irrelevant.

Same Subject Matter

         WISD also argues that the
lawsuit against WISD and the Defendant Employees involves the same subject
matter, as required by the statute.  Tex.
Civ. Prac. & Rem. Code § 101.106(b).  WISD states that the subject
matter of the lawsuit was the unlawful termination of the Appellees employment,
and the malicious prosecution claim against the Defendant Employees is connected
with the Appellees unlawful termination claim.  WISD states that, but for the
Defendant Employees actions which ultimately led to the termination of
Appellees’ employment, there would be no cause of action against WISD.  Thus,
WISD argues that the actions and occurrences between Appellees, WISD, and the
Defendant Employees are so inextricably intertwined that they cannot be
separated.  Therefore, WISD contends that Appellees’ claim against WISD is
forever barred.

         Again we look to previous
interpretations of former section 101.106 for our analysis.  See Act of
May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws
3305, (amended 2003) (current version at Tex.
Civ. Prac. & Rem. Code § 101.106).  Under the former statute, whether
suits against the government and its employees were based on the same cause of
action was irrelevant.  Bossley, 968 S.W.2d at 343.  The relevant
inquiry was whether the two causes of action involved the same subject matter. 
 Id.; Newman v. Obersteller, 960 S.W.2d 621, 622 (Tex. 1997); Beasley v. Clark, 986 S.W.2d 256, 257 (Tex. App.—Houston [1st Dist.]
1998, no pet.); McGowen, 120 S.W.3d at 459.  In previous cases, “same
subject matter” is defined as “arising out of the same actions, transactions,
or occurrences.”  Bossley, 968 S.W.2d at 343; Newman, 960 S.W.2d
at 622.  Other courts use the factors of res judicata as relevant in
determining same subject matter.  See McGowen, 120 S.W.3d at 459.  Under
the doctrine of res judicata, determining whether suits involve the same
transaction are based on a consideration of “whether the facts are related in
time, space, origin, or motivation, whether they form a convenient trial unit,
and whether their treatment as a trial unit conforms to the parties’
expectations or business understanding or usage.”  Sanders v. Blockbuster,
Inc., 127 S.W.3d 382, 386 (Tex. App.—Beaumont 2004, pet. denied) (quoting
Restatement (second) of Judgments § 24(2)); McGowen, 120 S.W.3d at 459
(citing Barr v. Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex. 1992)).

          Appellees argue that the suit against
WISD and the Defendant Employees involves two different set of facts: those
involving their unlawful termination and those involving their malicious
prosecution.  We agree.

          The Defendant Employees reported
Appellees alleged theft to the police two months after Appellees’ employment
had been terminated.  WISD claims that the two causes of action are intertwined
because the actions of the Defendant Employees led to the Appellees’
termination, and because the accusations against the Appellees were well known
to those on the Board the day the Board rejected Appellees appeal.  However,
Appellees state that on the day their administrative appeal was denied, they
were unaware that the Defendant Employees had accused them of wrongdoing, much
less reported their suspicions to the police.  Appellees’ administrative appeal
was denied shortly before they were arrested.  Also, the actual termination of
their employment, the subject of their complaint against WISD, and the facts
leading up to their termination, occurred nearly four months before they were
arrested.  The filing of a grievance claim by Appellees and the subsequent termination
of their employment by WISD in alleged retaliation for filing the grievance are
the actions that led to the filing of the unlawful termination claim.  The alleged
false accusations of criminal conduct made to the police and the subsequent
arrest of Appellees, none of which occurred before or contributed to the
termination of the Appellees’ employment four months prior, are the facts that
led to the filing of the malicious prosecution claim.

          WISD also argues that Appellees
petition is proof that the two causes of action consist of the same subject
matter because the lawsuit was brought against both WISD and the Defendant
Employees and the Appellees in their petition seek to recover from “Defendants,
jointly and severally” in their prayer for relief.  Though both causes of
action are brought in the same lawsuit, Appellees state that this was for the
purpose of judicial economy.  The facts for each cause of action were separated
into different paragraphs in their petition and included in the separate
paragraphs was a specific request for damages from each defendant.

          We find that the facts giving rise to
the different causes of action are sufficiently separated by time and place and
do not arise out of the same transactions or occurrences so as to constitute different
subject matters under section 101.106(b).  See Bossley, 968 S.W.2d at
343; McGowen, 120 S.W.3d at 459.  Therefore, 101.106(b) does not apply
to WISD as a means by which it should be dismissed from Appellees’ lawsuit. 
The trial court did not err in denying WISD’s plea to the jurisdiction. 
Accordingly, we overrule WISD’s only issue.

Conclusion

          Having overruled WISD’s only issue, we
affirm the judgment of the trial court.

 

                                                                   FELIPE REYNA

                                                                   Justice

Before Chief Justice
Gray,

          Justice
Vance, and

          Justice Reyna

          (Chief
Justice Gray dissents with a note:  By a separate order issued November 23,
2005, the Appellant’s motion for rehearing is being denied by a majority of the
justices who participated in the original decision of this appeal.  But the
motion for rehearing pointed out sufficient problems with the opinion
originally issued on September 7, 2005, that the opinion and judgment of that
date are being withdrawn and the majority’s new opinion and judgment dated
November 23, 2005, are substituted for them.  My dissenting opinion dated
September 7, 2005, is not withdrawn but will be reissued on November 23, 2005. 
For a further discussion of the problems being created by the explosion of
withdrawals and substituted opinions, see Kelly v. Gaines, No.
10-03-00369-CV, 2005 Tex. App. LEXIS 9628 (Tex. App.—Waco Nov. 16, 2005)(Gray,
C.J., concurring and dissenting).

Affirmed

Opinion delivered and
filed November 23, 2005

[CV06]