

NUMBER 13-12-00490-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LUIS MEDINA AND
STEPHANIE MEDINA,                                                           Appellants,

v.

HATCH ASSOCIATES
CONSULTANTS, INC.,                                                          Appellee.

On appeal from the 267th District Court
of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

In this case involving Chapter 150 of the Texas Civil Practice and Remedies Code,

appellants, Luis and Stephanie Medina, argue that the trial court erred when it dismissed

their re-filed lawsuit.    We reverse and remand.

## I. BACKGROUND

The Medinas filed suit for injuries Luis sustained in a work-related industrial accident at the Point Comfort, Texas Alcoa plant.    Luis alleged that he suffered severe burns and injuries while he was clearing a clogged pipe which transported caustic materials.    On November 29, 2009, the Medinas sued Hatch Associates Consultants, Inc. (Hatch) in their Fourth Amended Petition, alleging that Hatch designed the piping and pumping system at Alcoa.    Specifically, the Medinas' claims against Hatch were as follows:

a. Failing to design, select, install, and/or maintain appropriate piping for safe handling of caustic materials (including to prevent jamming of materials in pipe);

b. Failing to provide adequate clean-out access to the piping system;

c. Failing to provide [an] adequate inspection door for proper and safe clean-out procedure;

d. Failing to install, select, and/or manufacture the proper pipe for the required application of handling of dangerous caustic materials;

e. Failing to design, implement, install and/or select proper clean-out design for safe handling of dangerous caustic materials;

f. Failing to implement proper hazard operations analysis of down corner pipe;

g. Failure to warn of dangerous piping system.

Hatch, a professional engineering firm, filed a motion to dismiss under chapter 150 of the Texas Civil Practice and Remedies Code because the Medinas failed to file the requisite certificate of merit with their petition.    *See* TEX. CIV. PRAC. & REM. CODE ANN. §

2

150.002 (West 2011). Chapter 150 requires a plaintiff to file an affidavit of a third-party licensed engineer practicing in the same area as defendant, setting forth specifically at least one negligent act, error, or omission which caused the plaintiff's claimed injury. *See id.* In response, the Medinas voluntarily nonsuited their claims against Hatch. The trial court then signed an order of dismissal without prejudice on January 6, 2012. *See id.* § 150.002(e) (West 2011).

On April 2012, the Medinas re-filed their lawsuit against Hatch with the same claims previously identified in their Fourth Amended Petition. Although the statute of limitations against Hatch had expired, the Medinas were able to sue Hatch again when another defendant, CCC Group, Inc., brought Hatch into the lawsuit as a responsible third-party under Texas Civil Practice & Remedies Code section 33.004(e). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West Supp. 2011); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 864 (Tex. 2008) (holding that section 33.004(e) revives claims "otherwise 'barred by limitations' under certain limited circumstances"). This statute was repealed in 2011 but is applicable to this case. *See* Acts 2011, 82nd Leg., ch. 203 (H.B. 274).

This time, the Medinas filed a certificate of merit. Hatch filed a motion to dismiss. Hatch's motion did not comment on the sufficiency of the report or whether the expert was qualified to opine on the case; instead, Hatch argued that the certificate was untimely filed because it accompanied an amended petition and not the original petition. The Medinas countered that their new petition was a new lawsuit and not an amended petition because their claims against Hatch had been previously nonsuited without prejudice.

3

The trial court agreed with Hatch and dismissed the Medinas' lawsuit. This interlocutory appeal followed.[1]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Texas Civil Practice and Remedies Code section 150.002 requires that, "in any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a . . . licensed professional engineer."[2]  *See id.* §150.002(a).

> The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

*Id.* § 150.002(b). "The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant." *Id.* § 150.002(e). "This dismissal may be with prejudice." *Id.*

"We review a trial court's decision to grant or deny a defendant's motion to dismiss under section 150.002 of the Texas Civil Practice and Remedies Code for abuse of discretion." *WCM Group, Inc. v. Camponovo*, 305 S.W.3d 214, 219 (Tex. App.—Corpus

---

[1] We have jurisdiction of this interlocutory appeal under section 150.002(f) (West 2011) ("An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.").

[2] Both the Medinas and Hatch point out that Chapter 150 was amended during the pendency of this lawsuit. However, both parties agree that the part of the statute pertinent to this case, section 150.002(e), has essentially remained the same. *See, e.g.*, Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 4, 2005 TEX. GEN. LAWS 348, and Act of May 27, 2005, 79th Leg., R.S., ch. 208, 2005 TEX. GEN. LAWS 369, 370 (codified as TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011)), *amended by* Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 2, 2009 TEX. GEN. LAWS 1991, 1992.

Christi 2009, pet. dism'd) (citing *Landreth v. Las Brisas Council of Co–Owners, Inc.,* 285 S.W.3d 492, 496 (Tex. App.—Corpus Christi 2009, no pet.)). "A trial court abuses its discretion by acting arbitrarily, unreasonably, or without considering guiding principles." *Id.*

To the extent we analyze statutory construction, however, our standard of review is de novo. *See id.* (citing *Landreth,* 285 S.W.3d at 496). "Once we determine the statute's proper construction, we must then decide whether the trial court abused its discretion in applying the statute." *Id.* "In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex. 2006). "We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired." *Id.* "Otherwise, we construe the statute's words according to their plain and common meaning." *Id.* "Every word of a statute must be presumed to have been used for a purpose, and every word excluded from a statute must also be presumed to have been excluded for a purpose." *Landreth,* 285 S.W.3d at 497.

### III. ANALYSIS

By their only issue, the Medinas argue that their subsequently re-filed petition against Hatch was not an amended petition, as Hatch contends, but rather a new petition entirely. Accordingly, the Medinas assert it was proper for them to file the certificate of merit at this time, and the trial court abused its discretion when it determined that they could not. We agree that the re-filing did not render the Medinas' certificate untimely.

"It is elementary that a dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Crofts v. Court of Appeals*, 362 S.W.2d 101, 104 (Tex. 1962); *see McGowen v. Huang*, 120 S.W.3d 452, 461 (Tex. App.—Texarkana 2003, no pet.) ("A nonsuit without prejudice does not adjudicate the rights of the parties but merely places them in the positions in which they would have been, had suit not been brought."). Here, the Medinas had the right to re-file their chapter 150 case against Hatch because the merits of their case had not been adjudicated and their previous nonsuit was granted without prejudice.

Hatch encourages us to analyze this issue under case law interpreting chapter 74 of the Texas Civil Practice and Remedies Code, which applies to cases involving health care liability lawsuits. We decline this invitation. Although both chapter 74 and chapter 150 require plaintiffs to file expert reports to ensure that their lawsuits have merit and are not frivolous, they are entirely different statutes. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011) (requiring plaintiffs to file an expert report in health care liability cases), § 150.002 (requiring plaintiffs to file certificates of merit in cases alleging damages arising from professional services such as engineering, architecture, or land surveying). Chapter 74 plainly provides that if a plaintiff does not timely file an expert report, the trial court "shall" dismiss the case "with prejudice to the refiling of the claim." *Id.* § 74.351(b)(2). Chapter 150 does not demand such a harsh result. It provides that a plaintiff's failure to file an expert report "may be with prejudice." *Id.* § 150.002(e). The Legislature's intent in chapter 150, as expressed by the language of the chapter 150

6

statute, is to make dismissal with prejudice discretionary. *City of Rockwall*, 246 S.W.3d at 625. A "plain and common" understanding of using the word "may" instead of "shall" shows that the Legislature contemplated that these suits might be re-filed. *See id.*; *see* TEX. GOV'T CODE ANN. § 311.016 (West 2005) (providing that the word "may" creates "discretionary authority or grants permission or a power," while the word "shall" imposes a duty.).[3]

Our interpretation of section 150.002(e) is also consistent with our precedent. In *Landreth v. Las Brisas Council of Co-Owners*, we considered another issue regarding chapter 150—whether amended and supplemental certificates of merit could be considered by the trial court. *See* 285 S.W.3d at 497. We concluded that they could not, but in dicta, also concluded that "if the trial court dismisses without prejudice, a plaintiff would have an opportunity to file an affidavit in the case when refiled." *Id.* at 499 n.4. This case appears to fit the scenario this Court anticipated in *Landreth*.

---

[3] We recognize that the Houston and San Antonio courts of appeals have interpreted this statute otherwise and held that the certificate of merit must be filed with a plaintiff's first-filed petition. *See, e.g.*, *Pakal Enters. v. Lesak Enters. LLC*, 369 S.W.3d 224, 228 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Sharp Eng' g v. Luis*, 321 S.W.3d 748, 751–52 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, No. 04-12-00351-CV, 2013 WL 1898375, at *21 (Tex. App.—San Antonio May 8, 2013, no pet. h.). Respectfully, we disagree with our sister courts' interpretation of the statute. Section 150.002 provides that a trial court "may" dismiss a suit with prejudice if the plaintiff does not file a certificate of merit when it files its initial lawsuit. TEX. CIV. PRAC. & REM. CODE ANN. 150.002(e). This language allows the possibility that a lawsuit may be re-filed if dismissed without prejudice. If the Texas Legislature had intended for the certificate of merit to be filed only with the first-filed complaint, the statute would have read that it "shall" be dismissed with prejudice if plaintiffs failed to serve the certificate of merit. *See* TEX. GOV'T CODE ANN. § 311.016 (West 2005); *Landreth v. Las Brisas Council of Co–Owners, Inc.,* 285 S.W.3d 492, 497 (Tex. App.—Corpus Christi 2009, no pet.) (providing that "every word of a statute must be presumed to have been used for a purpose, and every word excluded from a statute must also be presumed to have been excluded for a purpose").

In *CTL/Thompson Tex., LLC v. Starwood Homeowners Assoc., Inc.*, the Texas Supreme Court recently held that "a plaintiff has an absolute right to nonsuit a claim before resting its case-in-chief, but a nonsuit 'shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief.'" 390 S.W.3d 299, 300 (Tex. 2013. Claims for affirmative relief included counterclaims, cross-claims, and motions for sanctions. *Id*. The Texas Supreme Court held that the "section 150.002(e) dismissal is a sanction . . . to deter meritless claims and bring them quickly to an end." *Id*. The Court also recognized that section 150.002(e) "provides no particular guidance on how the court should exercise its discretion in deciding whether to dismiss an action with prejudice rather than without." *Id*. at 301 (internal quotations and citations omitted). "Therefore, 'guidance must come instead from the broader purposes of the statute.'" The *CTL/Thompson Texas, LLC* case can be distinguished from the underlying circumstances. In that case, Starwood, a homeowner's association, sued CTL, a geotechnical engineering firm, for allegedly providing deficient engineering services. *Id*. at 300. CTL filed a motion to dismiss with prejudice under chapter 150, arguing the certificate of merit Starwood filed was deficient. *Id*. The trial court denied CTL's motion and CTL filed an interlocutory appeal. *Id*. While the appeal was pending, Starwood nonsuited its claims against CTL. *Id*. The appeals court concluded that it had no jurisdiction to hear the appeal because the issue was now moot. *Id*. The Texas Supreme Court reversed, holding that the appellate court should have heard CTL's pending appeal requesting affirmative relief. *Id*

8

In the underlying case, the trial court signed an order of nonsuit and did not expressly rule on Hatch's pending motion to dismiss. Because the trial court granted the non-suit without prejudice, we presume that it implicitly granted the motion to dismiss without prejudice. *See* TEX. R. APP. P. 33.1(a)(2)(A) (providing that a trial court may rule on a request, objection, or motion expressly or implicitly). "A ruling is implicit if it is unexpressed but capable of being understood from something else." *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.). Therefore, we conclude that Hatch's motion did not survive and there were no pending motions for affirmative relief when Hatch was brought back in to the case. Given that the plain language of section 150.002 allows a plaintiff to re-file a petition with a certificate of merit, we sustain appellants' sole issue.

## IV. CONCLUSION

Having sustained appellants' only issue, we reverse the trial court's granting of the motion to dismiss and remand for proceedings consistent with this opinion.

_____
GINA M. BENAVIDES,
Justice

Dissenting Memorandum Opinion
by Justice Gregory T. Perkes.

Delivered and filed the
20th day of March, 2014.

9